UNITED STATES of America,

v.

Jose Ramon PAREDES, Defendant.

No. S2 99 CR. 290(PKL).

United States District Court,
S.D. New York.

Nov. 29, 2001.

Cheryl Krause, Assistant United States Attorney, Miriam Baer, Assistant United States Attorney, Mary Jo White, United States Attorney, New York City, for plaintiff.

Erika P. McDaniel, Brooklyn, NY, John Byrnes, Federal Defender Services Unit, New York City, Lloyd Epstein, Epstein & Weil, New York City, for defendant.

### MEMORANDUM ORDER

LEISURE, District Judge.

The government charges the defendant, Jose Ramon Paredes, with two conspiracies, the first of which involves possession with intent to distribute cocaine, heroin, and marijuana, and the second involving the import and export of those same drugs. On November 13, 2001, the government moved, *in limine*, to admit evidence of the defendant's conviction in Canada for narcotics offenses and a related parole violation. *See* Motion *in Limine* Regarding Other Crimes, November 13, 2001 ("Other Crimes Motion"), at 2, 4. At that time, the Court denied the motion, ruling that the government would have to develop further the significance of the proffered evidence in order to prevail under Fed.R.Evid. 404(b). On November 28, 2001, the government renewed its motion *in limine*, and the Court granted the mo-

tion. The Court found, through the record adduced at trial, that the government had shown that the proffered evidence completes the story of the crimes charged in this case.[1] *See* Transcript, November 28, 2001 ("Transcript"), at 189–94, 207. The Court now writes to clarify this ruling.

### I. Motions *in Limine*

 The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States,* 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984) (noting that although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials); *Palmieri v. Defaria,* 88 F.3d 136, 141 (2d Cir.1996); *National Union Fire Ins. Co. v. L.E. Myers Co. Group,* 937 F.Supp. 276, 283 (S.D.N.Y.1996). Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *See Noble v. Sheahan,* 116 F.Supp.2d 966, 969 (N.D.Ill.2000); *see also Baxter Diagnostics, Inc. v. Novatek Medical, Inc.,* No. 94 Civ. 5520, 1998 WL 665138, at *3 (S.D.N.Y. Sept. 25, 1998) (de-

---

1. The defendant objects, arguing that the government only renewed their motion *in limine* as to the defendant's parole violation. *See* Transcript at 189. The defendant may have misunderstood the request made by the government. Miriam Baer, Esq., the Assistant United States Attorney in charge of the prosecution of this case for the government, stated that she wished to renew her previous motion *in limine,* which was to introduce both the defendant's Canadian narcotics conviction and his related parole violation. *See* Other Crimes Motion at 2, 4. At sidebar, Ms. Baer stated, "I am going to renew our motion to bring out the fact that the defendant was arrested." Transcript at 189. Although Ms. Baer argued in part that it was appropriate to

allow this other crimes evidence because the witness then testifying, Virgilio Gonzalez, had just touched on the defendant's arrest related to his parole violation, this does not change the fact that Ms. Baer renewed her previous motion. *See id.* Even if the defendant's interpretation of Ms. Baer's renewed motion *in limine* was correct, however, the defendant's argument is of no moment; the Supreme Court has held that courts may change their decision regarding motions *in limine* as a case unfolds and the factual record is developed. *See infra* Section I. The Court's ruling regarding this renewed motion *in limine* was based on the factual record adduced at trial, and was thus appropriate at the time it was made. *See infra* Section II.

nying a motion *in limine* to preclude presentation of evidence regarding a potential punitive damages claim because the motion was too sweeping in scope to be considered prior to trial). Indeed, courts considering a motion *in limine* may reserve judgment until trial, so that the motion is placed in the appropriate factual context. *See National Union Fire Ins. Co.*, 937 F.Supp. at 287 (citing *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F.Supp. 1398, 1400 (N.D.Ill.1993)). Further, the court's ruling regarding a motion *in limine* is "subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer." *Luce*, 469 U.S. at 41, 105 S.Ct. 460.

## II. The Defendant's Canadian Narcotics Conviction and Related Parole Violation

The government seeks to prove, through cooperator testimony and taped conversations between Jose Ramon Paredes and at least one of the cooperating witnesses, that Paredes was convicted of conspiring to traffic in narcotics, and narcotic trafficking, in June of 1993 in Toronto, Canada, and was sentenced to 9 years of imprisonment. *See* Government's Motion *in Limine* Regarding Other Crimes, November 13, 2001 at 2, 4. The government also seeks to show that Paredes was released on parole after serving only three years of his sentence, but violated his term of parole in 1998, resulting in suspension of his parole and a four month term of imprisonment from August 24, 1998 up to and including December 18, 1998. *See id.*

Rule 404(b) of the Federal Rules of Evidence provides in pertinent part:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

■ Although evidence of other crimes is not admissible to show "action in conformity therewith," the Second Circuit has found such evidence admissible for a variety of other purposes. *See United States v. Pascarella*, 84 F.3d 61, 69 (2d Cir.1996); *United States v. Inserra*, 34 F.3d 83, 89 (2d Cir.1994). Indeed, the Second Circuit follows an inclusionary approach under Fed.R.Evid. 404(b), admitting evidence "unless it is introduced for the sole purpose of showing the defendant's bad character, or unless it is overly prejudicial under Fed.R.Evid. 403 or not relevant under Fed.R.Evid. 402." *Pascarella*, 84 F.3d at 69.

■ It is beyond cavil that other crimes evidence may be used to complete the story of the crimes charged. *See e.g., United States v. Williams*, 205 F.3d 23, 33 (2d Cir.), *cert. denied* 531 U.S. 885, 121 S.Ct. 203, 148 L.Ed.2d 142 (2000); *United States v. Araujo*, 79 F.3d 7, 8 (2d Cir. 1996); *United States v. Pipola*, 83 F.3d 556, 566 (2d Cir.1996). Indeed, the Second Circuit has afforded significant leeway regarding such evidence in conspiracy cases. In *United States v. Williams*, the Second Circuit opined that the defendant's prior criminal conduct was relevant "to inform the jury of the background of the conspiracy charged, to complete the story of the crimes charged, and to help explain to the jury how the illegal relationship between the participants in the crime developed." 205 F.3d at 33 (quoting *United States v. Pitre*, 960 F.2d 1112, 1119 (2d Cir.1992)).

■ In the present case, the government argues that Paredes's Canadian conviction and his parole violation should be admitted under Fed.R.Evid. 404(b) be-

cause the evidence is offered to show the defendant's reluctance to travel to the United States to meet with Virgilio Gonzalez, thereby helping to complete the story of the crimes charged. *See* Other Crimes Motion at p. 5. This has become an important element of the case as developed at trial, because the government has introduced evidence that Paredes, based in Montreal, Canada, did a great deal of narcotics trafficking with drug dealers in New York, including Virgilio Gonzalez, but that Paredes rarely traveled to the United States. The defendant's Canadian narcotics conviction and his related parole violation provide background explaining why the defendant was unwilling to travel to New York, and why, instead, he used several different couriers for the bulk of his transactions.[2]

The defendant argues that introduction of Paredes's parole violation would be enough for the government to make this point. *See* Transcript at 208. However, the defendant's Canadian narcotics conviction adds important background information, because clearly someone who has previously been convicted for drug trafficking would be especially wary of being caught committing the same crime. This fear of being caught would help to explain the manner in which Paredes allegedly ran the drug conspiracy with which he is charged.

■ Further, the Court finds that admission of this evidence does not violate Fed.R.Evid. 403. The evidence is highly probative, and any potential danger of unfair prejudice was tempered by a limiting

instruction agreed to by both the defendant and the government.[3] Indeed, the other crimes presented here were less serious than the underlying crimes charged. *See United States v. Williams,* 205 F.3d 23, 34 (2d Cir.) (McLaughlin, J.), *cert. denied* 531 U.S. 885, 121 S.Ct. 203, 148 L.Ed.2d 142 (2000) (finding no violation of Fed.R.Evid. 403 where the other crimes evidence introduced is less serious than the underlying crimes charged, and a limiting instruction is given), *United States v. Livoti,* 196 F.3d 322, 326 (2d Cir.1999) (same).

### CONCLUSION

For the reasons set forth above, the government's renewed motion to introduce evidence of Paredes's Canadian conviction and parole violation is granted.

**SO ORDERED**

---

**2.** Indeed, Paredes's conviction helps explain some of the comments made by defendant's own counsel, Lloyd Epstein, Esq., in his opening statement. Mr. Epstein candidly told the jury that his client was a Canadian drug dealer, and that Paredes sold drugs on the streets of Montreal. *See* Transcript, November 27, 2001 at p. 95.

**3.** After inviting both the defendant and the government to provide proposed limiting instructions regarding other crimes evidence, the Court gave both the defendant and the government copies of the limiting instruction the Court intended to use when such evidence was presented. Neither side raised objection to this instruction.