

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-14-2005

# USA v. Saunders

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3027

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Saunders" (2005). *2005 Decisions.* Paper 1019.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1019

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 04-3027
_____

UNITED STATES OF AMERICA

v.

KENNETH E. SAUNDERS a/k/a Butch Saunders

Kenneth E. Saunders,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
District Judge: Honorable John C. Lifland
No. 03-CR-00236-1
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 10, 2005

BEFORE: AMBRO, VAN ANTWERPEN and TASHIMA,[*] Circuit Judges

---

[*] The Honorable A. Wallace Tashima, Senior United States Circuit Judge for the Ninth Circuit, sitting by designation.

_____

OPINION OF THE COURT

_____

TASHIMA, <u>Senior Circuit Judge</u>

In this appeal from a judgment of conviction and sentence, defendant Kenneth E. Saunders, Jr. ("defendant" or "Saunders") raises two issues, one of which we answer and the other of which we refer back to the district court.

Defendant was convicted, after trial by jury, of one count of conspiracy to offer corrupt payments to an elected local official, in violation of 18 U.S.C. § 371. After the trial on Count One,[1] defendant pleaded guilty to Counts Two, Four, and Five, aiding and assisting in the preparation and filing of fraudulent federal income tax returns, in violation of 26 U.S.C. § 7206(2). Defendant was sentenced to a 33-month term of imprisonment and three-year term of supervised release. The sentence included a substantial enhancement imposed under the Sentencing Guidelines. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm the conviction and remand for resentencing in light of *United States v. Booker*, 125 S. Ct. 738 (2005).

**I.**

Defendant was elected in 1996 to the Asbury Park City Council at an interim

_____

[1] Counts Two through Six were severed from Count One, the conspiracy count, and trial proceeded only on Count One.

election and won reelection in 1997. Rayfield James, Jr., the codefendant in this case, was his campaign manager in both elections. As the top vote-getter among the five members of the City Council in the 1997 election, Saunders became Mayor of Asbury Park.

During this period, redevelopment of Asbury Park's oceanfront was an active matter before the Council. Sheila Solomon, a member of the City Council, became concerned with corruption in connection with the oceanfront redevelopment and other matters. After her complaints to the Governor, State Attorney General, and an Assemblyman went unanswered, she met with the Federal Bureau of Investigation. As a part of the FBI investigation, she agreed covertly to record her conversations with Asbury Park officials, including Saunders, and persons who did business with the City. During the ensuing two years, she recorded thousands of conversations.[2]

## II.

Defendant does not challenge the sufficiency of the evidence to sustain his conviction. Rather he contends that certain "other acts" evidence was admitted in violation of Federal Rule of Evidence 404(b). We review a district court's ruling admitting Rule 404(b) evidence for an abuse of discretion. *United States v. Butch*, 256 F.3d 171, 175 (3d Cir. 2001). To satisfy Rule 404(b), we require that other acts

---

[2] Because we write solely for the parties, we do not set forth the facts of this case, except as necessary to understand our disposition.

evidence:

> (1) have a proper evidentiary purpose, (2) be relevant under Rule 402, (3) satisfy
> Rule 403 (*i.e.*, not be substantially more prejudicial than probative), and (4) be
> accompanied by a limiting instruction, when requested . . . that instructs the jury
> not to use the evidence for an improper purpose.

*United States v. Cross*, 308 F.3d 308, 320-21 (3d Cir. 2002) (footnote omitted). Because "Rule 404(b) is a rule of inclusion rather than exclusion," it "favor[s] the admission of other crimes, wrongs, or acts if such evidence is relevant for any purpose other than to show a mere propensity or disposition on the part of the defendant to commit the crime." *United States v. Cruz*, 326 F.3d 392, 395 (3d Cir. 2003) (citation omitted).

Partially granting the government's motion *in limine*, the trial court permitted the introduction of two categories of Rule 404(b) evidence at trial: (1) The so-called "Greekfest" incident, implying that Saunders thought that Solomon was foolish for not accepting a kickback; and (2) Saunders' acceptance of a used Mercedes-Benz from "Uncle Phil" Konvitz.[3]

The Greekfest is a city-sponsored event to draw college fraternity and sorority members to Asbury Park. After the City Council voted to award the 1998 Greekfest

---

[3] The district court denied the *in limine* motion with respect to evidence that Saunders urged Solomon to keep a diamond watch that the City Attorney tried to give her and, when she refused, suggested that she "give it to me, I'll pawn it." The government did not press its motion with respect to evidence that Saunders claimed bogus unreimbursed business expenses as Mayor on his federal tax returns.

contract to a vendor, Solomon was approached by the vendor and offered a kickback for her support. When Solomon rejected the offer, Saunders told the offeror that Solomon "would be down with the plan." The next day, when Solomon complained to Saunders about the kickback offer, he looked at her as if she were crazy and asked "Don't you want to go on a cruise?" Solomon retorted that Saunders was "going on a cruise all right" – "a cruise up the river."

Shortly after the 1996 interim election, Saunders received a used Mercedes-Benz from "Uncle Phil" Konvitz, a local political figure, for which he either paid nothing, or paid less than full value.[4]

The district court held the Greekfest evidence admissible because the key statement of defendant, "Don't you want to take a cruise," "suggests an intent to encourage corrupt activity by Ms. Solomon," and that such intent was "the key to the charge of conspiracy. . . ." It held the Mercedes-Benz evidence admissible because Konvitz was not directly involved in the conspiracy charge and the evidence showed "Saunders' motive unjustly to enrich himself [] which is the same motive that the government offers with respect to the charge in the indictment." Supp. App. 97-98.

The district court gave an appropriate and unobjected-to limiting instruction when each of these incidents was testified to, as well as an instruction at the end of the case

---

[4] Saunders claimed that he made several installment payments after which Konvitz told him not to make any more payments.

reminding the jury of the limited use it could make of the 404(b) evidence.

Defendant's primary argument is that the prior acts evidence was not relevant under Supreme Court precedent, which requires that it be "probative of a material issue other than character." *Huddleston v. United States*, 485 U.S. 681, 685 (1988). We do not find the argument to be meritorious. Although it is true, as defendant contends, that the Greekfest evidence does not show that he received any bribe, that was not the purpose for which it was offered. Instead, it was offered to show that Saunders encouraged Solomon to accept a bribe for her City Council vote, from which a corrupt intent clearly could be inferred. Thus, the evidence was relevant to show Saunders' intent (and absence of mistake or other innocent motive) in conspiring to offer Solomon bribes in connection with the oceanfront redevelopment matter before the City Council.

With respect to the Mercedes-Benz matter, defendant argues that any "act" involved was not his act, but Konvitz's act of not compelling full payment of the loan for the automobile – that there was no evidence that Saunders did not intend to repay the car loan in full. But the evidence also supports that the "other act" was Saunders' acceptance of the Mercedes from a businessman who did substantial business with the City Council in circumstances which suggest that strings were attached to Konvitz's offer.

In this context, evidence as to both incidents was probative as to Saunders' intent, and thus relevant. It is also clear from the record that the district court balanced the

evidence's probative value against any undue prejudicial effect under Rule 403. In fact, as stated earlier, only two of the four 404(b) incidents listed in the government's *in limine* motion were admitted. We conclude that the district court did not abuse its discretion in admitting these two instances of Rule 404(b) evidence. *See Cross*, 308 F.3d at 320, 324; *United States v. Vega*, 285 F.3d 256, 261 (3d Cir. 2002).

## III.

Defendant contends that under *Blakely v. Washington*, 124 S. Ct. 2531 (2004), the enhancement of his sentence based on judge-found facts violates his rights under the Fifth and Sixth Amendments to the Constitution. Defendant's contention has since been overtaken by *Booker*, which rendered the Federal Sentencing Guidelines advisory. *See Booker*, 125 S. Ct. at 764. Under the circumstances of this case,[5] we remand this case for resentencing. *See United States v. Davis*, 407 F.3d 162 (3d Cir. 2005) (en banc).

## IV.

For the foregoing reasons, the judgment of conviction is **AFFIRMED,** the sentence is **VACATED**, and the case **REMANDED** for resentencing.[6]

---

[5] The government agrees that Saunders' sentence should be remanded "for clarification under *Booker*."

[6] We deny the government's motion that we issue a precedential opinion in this case. The issues of concern referred to in the motion are not issues that need to be decided in this appeal.