

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-7-2006

# USA v. Lackey

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1486

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Lackey" (2006). *2006 Decisions.* Paper 1634.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1634

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 03-1486

UNITED STATES OF AMERICA,

v.

CLINTON M. LACKEY

Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 01-cr—00515 )
District Judge: Honorable Stewart Dalzell

Argued December 19, 2003

Before: ROTH & MCKEE, CUDAHY\*, <u>Circuit Judges</u>

(Opinion filed   February 7, 2006 )

Paul M. Messing, Esquire (Argued)
Kairys, Rudovsky, Epstein & Messing
924 Cherry Street, Suite 500
Philadelphia, PA 19107

<u>Counsel for Appellant</u>

_____ \* The Honorable Richard D. Cudahy, Circuit Court Judge for the United States
Court of Appeals for the Seventh Circuit, sitting by designation.

Eric B. Henson, Esquire (Argued)
Office of the United States Attorney
615 Chestnut Street, Suite1250
Philadelphia, PA 19106

Counsel for Appellee

————————

OPINION

————————

ROTH, Circuit Judge:

Following a three-day jury trial, Clinton Lackey was convicted of possession with intent to distribute crack cocaine within one thousand feet of a school and of carrying a firearm during a drug trafficking offense. Lackey appealed, contending among other issues that the District Court improperly admitted evidence under Federal Rule of Evidence 404(b) of a prior instance when Lackey shared crack cocaine with a friend. The government argues that Lackey waived any objection to this evidence because he was the one who first presented testimony concerning the drug sharing during his own direct testimony. Because we conclude that Lackey waived his objection by introducing the evidence himself, we will affirm the judgment of conviction. In view of Lackey's challenge to the sentence imposed, we will vacate his sentence and remand this case to the District Court for re-sentencing pursuant to *United States v. Booker*, 125 S. Ct. 738 (2005). *See United States v. Davis*, 407 F.3d 162 (3d Cir. 2005).

## I. Factual Background and Procedural History

Two police officers arrested Lackey after seeing him enter and leave a house that was under surveillance for drug trafficking. The police officers found forty-one packets of crack cocaine in Lackey's jacket pocket, as well as a gun in Lackey's waistband. The arrest occurred within one thousand feet of a school.

Lackey's jury trial lasted three days. Lackey's defense rested on his claim that the drugs found on him were for his own use and that he did not intend to distribute them. Before trial, Lackey made an *in limine* motion to prohibit the government from asking him about an incident two years earlier when he had shared a crack-laced "blunt," a cigar containing marijuana, with a friend. Fearing that the jury would construe this incident as indicating that he had a propensity for sharing drugs with others, Lackey argued that its introduction would be prejudicial and should be disallowed under Federal Rule of Evidence 404(b). The prosecutor's argument for admission of the evidence was that it showed Lackey's intent – an element of the distribution offense. The District Court denied Lackey's *in limine* motion. Defense counsel then decided to ask Lackey about the incident during direct examination in order to prevent the prosecutors from bringing up the incident for the first time on cross.

Lackey also objected to the testimony of Officer Spicer, a police officer who had been involved in the surveillance of the house where Lackey purchased his drugs. Spicer not only testified as to the arrest but also testified as an expert witness on controlled

substances. Spicer concluded that in view of the amount of drugs that Lackey was carrying, of the fact that Lackey had a firearm, and of Lackey's general appearance, it was likely that he intended to distribute the cocaine rather than use it himself.

The jury convicted Lackey and he appealed.

## II. Jurisdiction and Standards of Review

We have jurisdiction over Lackey's appeal from his judgment of conviction pursuant to 28 U.S.C. §1291 and 18 U.S.C. §3742(a). We review the District Court's rulings relating to the admissibility of evidence for abuse of discretion, reversing only when "clearly contrary to reason and not justified by the evidence." *United States v. Butch*, 256 F.3d 171, 175 (3d Cir. 2001) (quoting *United States v. Balter*, 91 F.3d 427, 436 (3d Cir. 1996) (internal citations omitted)).

## III. Discussion

Lackey contends that it was improper under Federal Rule of Evidence 404(b) to admit evidence of his prior instance of drug sharing. Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . ..

Such evidence is never relevant merely to show "propensity or disposition on the part of defendant to commit the crime." *United States v. Long*, 574 F.2d 761, 765 (3d Cir. 1978) (quoting *United States v. Stirone*, 262 F.2d 571, 576 (3d Cir. 1958), *rev'd on other*

4

*grounds*, 361 U.S. 212, 270 (1960)). We have previously stated that to be admissible

under Rule 404(b): "(1) the evidence must have a proper purpose; (2) it must be relevant;

(3) its probative value must outweigh its potential for prejudice; and (4) the court must

charge the jury to consider the evidence only for the limited purposes for which it is

admitted." *See United States v. Cruz*, 326 F.3d 392, 395 (3d Cir. 2003) (citing

*Huddleston v. United States*, 485 U.S. 681, 691-92 (1988)).

From our review of the record, we can find no proper purpose for admitting this

evidence. In order to demonstrate a proper purpose, we have required the government to

"proffer a logical chain of inference consistent with its theory of the case." *United States

v. Sampson*, 980 F.2d 883, 888 (3d Cir. 1992). After the government has specified such a

purpose, the District Court must, unless it is plainly obvious, "articulate reasons why the

evidence also goes to show something other than character" by putting this "chain of

inferences into the record." *Id.*; *see also United States v. Mastrangelo*, 172 F.3d 288, 295

(3d Cir. 1999). Such a chain is completely lacking in this case. The government stated

only that Lackey's prior sharing of drugs would go to his state of mind – *i.e.*, intent –

without further specificity. In ruling on the matter, the District Court failed to articulate

any reasons why one instance of Lackey's prior drug sharing with a friend would go to

prove that in this case Lackey intended to distribute the drugs.

Our precedent requires that "[w]here the government has not clearly articulated

reasons why the evidence is relevant to any legitimate purpose, there is no realistic basis

to believe that the jury will cull the proper inferences and material facts from the evidence." *Sampson*, 980 F.2d at 889. Because no logical chain of inferences was ever established on the record before us, the evidence should not have been admitted.[1]

This conclusion, however, is not the end of our consideration of this issue. The government argues that, because Lackey first introduced the prior bad act evidence on direct examination, he waived any objection to it. Prior to trial, Lackey lost the *in limine* motion to exclude the evidence. The government contends that the denial of the *in limine* motion would be appealable only if Lackey had not introduced the evidence first but had waited for the prosecution to introduce it. The government likens the case to *Ohler v. United States*, 529 U.S. 753 (2000), where the Supreme Court held that "a defendant who preemptively introduces evidence of a prior conviction on direct examination may not on appeal claim that the admission of such evidence was error." *Ohler v. United States*, 529 U.S. 753, 759 (2000). *Ohler* followed the general rule of evidence that "a party introducing evidence cannot complain on appeal that the evidence was erroneously admitted." *Ohler v. United States*, 529 U.S. 753, 830 (2000) (citing 1 J. Weistein & M.

---

[1]We also note that, even if a proper purpose had been given, the jury was not given any limiting instruction that they could not infer that Lackey was going to distribute the drugs in question just because he had shared other drugs in the past. The District Court's only instruction to the jury with regard to this issue was in response to a question from the jury about the definition of the term distribution, and simply stated that "[i]ntent must be in connection with the drugs charged." This instruction did not give the jury adequate guidance or in any way "limit the government to the theories it proffered in support of the admission of the evidence." *Sampson*, 980 F.2d at 888-89.

Berger, *Weinstein's Federal Evidence* §103.14, 103-30 (2d ed. 2000)); *see also United States v. Saunders*, 359 F.3d 874, 877 (7th Cir. 2004) (holding that by testifying on direct examination of prior conviction of murder, defendant waived objection to admission under Rule 403 of evidence of this prior conviction).

*Ohler* concerned the admission of evidence of prior convictions which was introduced only for impeachment purposes under Rule 609. In the case before us, although the government in opposing the *in limine* motion stated that the evidence went to intent, the evidence was not introduced in the government's case-in-chief. It was introduced only after Lackey testified himself as to his lack of intent to distribute and in effect then served as impeachment evidence in response to Lackey's testimony rather than as direct evidence of an element of the offense.

Although we are reluctant to extend *Ohler* to Rule 404(b) evidence, we are not convinced under the facts of this case that we are dealing with a Rule 404(b) situation rather than an impeachment situation governed by Rule 609. We conclude therefore that under *Ohler*, Lackey waived his objection to the drug sharing testimony.

We find Lackey's further contentions about being questioned as to his subsequent conviction and the testimony by a police officer both as a fact and as an expert witness to be without merit. We note that generally we have no concern about police officers testifying as both fact and expert witnesses. *See United States v. Feliciano*, 223 F.3d 102, 121 (2d Cir. 2000) (noting that "[s]uch dual testimony is not objectionable in principle").

7

Finally, Lackey contends that his sentence was improperly imposed under *Blakely v. Washington*, 542 U.S. 296 (2004) and now *United States v. Booker*, 125 S. Ct. 738 (2005). We agree and will vacate his sentence and remand this case to the District Court for re-sentencing. *See United States v. Davis*, 407 F.3d 162 (3d Cir. 2005).

## IV. Conclusion

For the reasons stated above, we will affirm the judgment of conviction and vacate the judgment of sentence and remand this case for re-sentencing.