

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-31-2006

# USA v. Shaheed

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2895

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Shaheed" (2006). *2006 Decisions.* Paper 1031.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1031

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-2895

UNITED STATES OF AMERICA

v.

OMAR SHAHEED,
Appellant

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 03-cr-00071-6)
District Judge: Honorable Joy F. Conti

Submitted Under Third Circuit LAR 34.1(a)
May 16, 2006

Before:  RENDELL, VAN ANTWERPEN and WEIS, Circuit Judges.

(Filed: May 31, 2006)

OPINION OF THE COURT

RENDELL, *Circuit Judge*.

Omar Shaheed was charged, in an indictment, with a single count of conspiracy to

distribute, and possess with the intent to distribute, 1 kilogram or more of heroin.  He was

convicted, after a jury trial, of conspiracy to distribute, and possess with the intent to

distribute, less than 100 grams of heroin. He now appeals his conviction,[1] arguing that the District Court improperly admitted evidence of a prior drug conviction and of his parole status, that his indictment was improper because it was based solely on hearsay evidence, and that the jury effectively acquitted him of the charged offense when it found him guilty of a conspiracy involving less than 100 grams of heroin, rather than the charged drug amount. For the reasons that follow, we will affirm Shaheed's conviction. Because Shaheed was sentenced under the mandatory Guidelines system, however, we will vacate his sentence and remand for resentencing.

## I.

### A.

We address each of Shaheed's three challenges to his conviction in turn, beginning with his claim that his parole status and his 1994 Pennsylvania state conviction for delivery and possession with intent to deliver controlled substances were improperly admitted at trial in the government's case-in-chief. We review a district court's determination to admit evidence under Federal Rules of Evidence 403 and 404(b) for abuse of discretion. *United States v. Cruz*, 326 F.3d 392, 394 (3d Cir. 2003).

We adhere to a four-part test for the admission of prior bad act evidence under Rule 404(b): "(1) the evidence must have a proper purpose . . . ; (2) it must be relevant . . . ; (3) its probative value must outweigh its prejudicial effect . . . ; and (4) the trial court

---

[1]We have jurisdiction to consider Shaheed's appeal from his final judgment of conviction and sentence pursuant to 28 U.S.C. § 1291.

2

must charge the jury to consider the evidence only for the limited purpose for which it is admitted." *United States v. Sampson*, 980 F.2d 883, 886 (3d Cir. 1992) (citing *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988)). To "show a proper evidentiary purpose, the government must 'clearly articulate how that evidence fits into a chain of logical inferences without adverting to a mere propensity to commit crime now based on the commission of a crime then.'" *Cruz*, 326 F.3d at 395 (quoting *United States v. Mastrangelo*, 172 F.3d 288, 295 (3d Cir. 1999)).

"There is no question that, given a proper purpose and reasoning, drug convictions are admissible in a trial where the defendant is charged with a drug offense." *Sampson*, 980 F.2d at 887. We have also applied the four-part test to uphold a trial court's decision to admit evidence of a defendant's parole status. *See Cruz*, 326 F.3d at 395-97.

We are satisfied that the four-part test was met in this case with respect to the evidence of Shaheed's parole status and his previous conviction. The government's case against Shaheed was based primarily on testimony from Tennille Chaffin, the alleged ring leader of the conspiracy, regarding Shaheed's involvement in the drug trafficking organization. A significant aspect of Chaffin's testimony involved recorded phone conversations in which Shaheed and Chaffin discussed "scratched CDs." Chaffin testified that "scratched CDs" was code for bad heroin that Shaheed had received through Chaffin's organization. Shaheed defended by arguing that he was a legitimate employee of Chaffin's company, No Slippin' Records, and that he was innocently associated with

Chaffin and other members of the conspiracy for that purpose. Thus, he claimed that, when he spoke about "scratched CDs" with Chaffin over the phone, he was actually referring to defective CDs, not bad heroin.

In this context, the government argued that Shaheed's prior drug conviction was relevant to establish Shaheed's knowledge, intent and familiarity with drugs and drug trafficking practices and to rebut Shaheed's anticipated defense that he did not know that the real subject of his phone conversations with Chaffin was heroin, not CDs. Shaheed's parole status was relevant, the government argued, to rebut Shaheed's claim that he was a legitimate employee of No Slippin' Records. At the hearing on Shaheed's motion *in limine*, the government explained that Chaffin was prepared to testify that he agreed to pretend that Shaheed was an employee to help Shaheed fulfill the conditions of his parole. Chaffin issued checks to Shaheed from No Slippin' Records; Shaheed would show his parole officer the check stubs as proof that he was employed, but would then cash the checks and give the money back to Chaffin.

The District Court determined that the evidence of Shaheed's parole status was relevant in light of Shaheed's proposed defense and offered for a purpose other than to establish propensity, *i.e.*, to rebut Shaheed's claim that he was legitimately employed by, and innocently associated with, No Slippin' Records. The Court also properly considered the probative value of the evidence against its likely prejudicial effect: "looking at the prejudice that can result from [testimony regarding Shaheed's parole status], if there's

4

going to be a challenge as to whether or not it was a real employment as opposed to some fake employment, I think in weighing the prejudice, that the probative nature of it would outweigh it." Finally, the District Court correctly instructed the jury to consider Shaheed's parole status for the "very limited purpose" for which it was admitted: "to permit Tennille Chaffin's explanation of the paychecks received by Defendant Shaheed from No Slippin' Records."[2]

The District Court's decision to admit the evidence of Shaheed's 1994 conviction was similarly thoughtful and thorough. The Court expressed concern, at the pretrial hearing on Shaheed's motion *in limine* to exclude the conviction, that the 1994

---

[2]The District Court gave a limiting instruction regarding the evidence of Shaheed's parole status, as follows:

> You have heard evidence that Defendant Shaheed was on parole during the time period at issue. The Court permitted the introduction of Defendant Shaheed's parole status for a very limited purpose. That purpose is to permit Tennille Chaffin's explanation of the paychecks received by Defendant Shaheed from No Slippin' Records.
>
> This evidence may not be considered by this jury for any other reason. You may not consider it as evidence that Defendant Shaheed was more likely to have been involved in the alleged crime. You also may not consider it as evidence that Defendant Shaheed has any propensity for criminal behavior or bad character.
>
> Defendant Shaheed's parole status was admitted for one limited purpose and may only be considered for that purpose. Attaching any further significance to Defendant Shaheed's parole status by this jury would be absolutely inappropriate, and the Court charges you to limit your consideration as I have instructed.

5

conviction for delivery or possession with intent to deliver a small amount of crack cocaine was too minor to shed light on Shaheed's involvement in a major drug conspiracy. At trial, however, the Court determined that Shaheed's guilty plea to the 1994 possession with intent to deliver a controlled substance charge was "indicative of drug trafficking, although not a conspiracy." Relying on our statement, in *United States v. Sampson*, that the government's burden to show a proper purpose for Rule 404(b) testimony "is not onerous," 980 F.2d at 888, the Court concluded:

> [T]he government has met the burden in terms of showing a proper relevance in terms of the chain of logical inferences relating to the defendant Omar Shaheed's knowledge of drugs, and this would have the relevance on that type of knowledge and intent as well as going to the question of whether or not he was just merely innocently involved in an employment relationship with Mr. Chaffin during the time frame at issue.

We find no error in the District Court's proper purpose analysis and, further, note that its conclusion is consistent with our prior decisions "upholding the admission of prior drug involvement for the purpose of rebutting defense claims of innocent association, and to prove criminal intent." *United States v. Lopez*, 340 F.3d 169, 174 (3d Cir. 2003) (citing cases).

The District Court also fulfilled the third and fourth prongs of the Rule 404(b) test with respect to Shaheed's prior conviction. It carefully weighed the probative value of the conviction against the likelihood of prejudice, and concluded that introducing the record of the conviction itself would be overly prejudicial. It therefore limited the government's introduction of the evidence as follows:

[T]he Court will permit the government to state that Mr. Shaheed has a prior conviction for possession with intent to deliver a controlled substance, state the amount of grams and the nature of the drug, but I also have to require that the government say that the conviction did not involve any conspiracy.

The Court issued extensive limiting instructions at the time that the evidence was introduced,[3] and gave a similar instruction at the end of the trial.

---

[3]Before the government offered evidence of Shaheed's conviction, the District Court instructed the jury as follows:

> In this case, the government will offer evidence of prior conduct committed by one of the defendants Omar Shaheed other than that charged in the indictment.

> This evidence concerns Defendant Shaheed pleading guilty to possession with intent to deliver controlled substances. The conduct for which Defendant Shaheed pled guilty occurred on May 15, 1993. The crime to which Defendant Shaheed pled guilty did not include a conspiracy, and the amount and type of drug involved in that crime were 2.61 grams of crack cocaine.

> Let me remind you, however, that Defendant Shaheed is not on trial for his prior conduct in 1993. Accordingly, you may not consider the evidence of Defendant Shaheed's pleading guilty to drug possession with intent to deliver controlled substances as a substitute for proof that he committed the crimes charged in the current case, nor may you consider this prior conduct as proof that Defendant Shaheed has a criminal personality or bad character.

> The evidence of Defendant Shaheed's prior conduct in 1993 was admitted for a much more limited purpose, and you may consider it only for that limited purpose. This evidence may be considered by you as proof that Defendant Shaheed had knowledge of drug trafficking activity or for the absence of mistake or accident with regard to the events which are the subject of this indictment.

> Defendant Shaheed is not on trial for any acts or crimes not alleged in the indictment. He may not be convicted of the crime charged in the indictment simply as a result of your finding that he committed other earlier crimes, even crimes similar to the one charged in this indictment.

In light of the foregoing, we cannot say that the District Court abused its discretion in admitting evidence of Shaheed's parole status or his prior conviction.

**B.**

Shaheed's second claim is that he was improperly indicted solely on the basis of hearsay testimony. The evidence that prosecutors presented to the grand jury involving Shaheed came in the form of the testimony of DEA Agent Mauricio Jimenez as to the substance of phone calls, intercepted by DEA Agents, between Shaheed and Chaffin on the night of January 12-13. Jimenez also summarized the events of that evening, as seen and heard by other members of a surveillance team.

We need not consider this claim in any depth, as Shaheed raises it before us for the first time. Although Shaheed attempted to recall Jimenez at trial to challenge the basis for his hearsay testimony before the grand jury, he never moved for dismissal of the

---

The government must prove the crime charged in the indictment beyond a reasonable doubt. If you determine that Defendant Shaheed committed the acts charged in the indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the indictment, Defendant Shaheed acted knowingly and intelligently and not because of some mistake, accident or other innocent reasons.

Evidence of Defendant Shaheed's pleading guilty to possession with intent to deliver a controlled substance may not be considered by you for any other purpose.

Specifically, you may not use this evidence to conclude that because he committed the previous conduct, he must also have committed the acts charged in the indictment.

8

indictment or for an acquittal on that basis. "Having neither the benefit of a lower court opinion on this subject, nor a specific motion to review, we do not consider the issue to have been properly preserved for review." *United States v. Ismaili*, 828 F.2d 153, 164 (3d Cir. 1987).

Moreover, we note that

> [t]here is no prohibition on the use of hearsay by a grand jury, unless (1) non-hearsay was readily available; and unless (2) the grand jury was also misled into believing it was hearing direct testimony rather than hearsay; and unless (3) there is also a high probability that had the jury heard the eye-witness testimony it would not have indicted the defendant.

*Id.* (citations omitted). In this case, Shaheed has not explained how Jimenez's testimony misled the jury. Upon review of that testimony, we are satisfied that Jimenez made it sufficiently clear that he was not testifying as to his own observations. We will not grant Shaheed a new trial on this basis.

## C.

Finally, Shaheed argues that the jury effectively acquitted him of the charged offense, conspiracy to distribute, and possess with the intent to distribute, 1 kilogram or more of heroin, when it convicted him instead of a *different* offense: conspiracy to distribute, and possess with the intent to distribute, less than 100 grams of heroin. This challenge is unavailing.

The District Court gave the jury a verdict slip requiring them to decide drug quantity, essentially submitting the issue to the jury in accordance with the Supreme

9

Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See id.* at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). The relevant statutory maxima for offenses involving conspiracies to distribute or possess with intent to distribute controlled substances are set forth in 21 U.S.C. § 841(b).[4] Taking Shaheed's prior felony drug convictions into account, that subsection prescribes a maximum penalty of 30 years in prison for offenses involving less than 100 grams of heroin, 21 U.S.C. § 841(b)(1)(C).[5] For offenses involving one kilogram or more of heroin or 100 grams or more of heroin, however, the statute prescribes a maximum penalty of *life* imprisonment in cases where the defendant has a prior felony drug conviction. 21 U.S.C. § 841(b)(1)(A)(i) (1 kilogram or more); 21 U.S.C. § 841(b)(1)(B)(i) (100 grams or more). In this case, then, the relevant drug amount qualified as a "fact that increases the penalty for a crime beyond the statutory maximum," *i.e.*, from 30 years to life, and was *required* to be "submitted to a jury." *Apprendi*, 530 U.S. at 490. *See also United States v. Vazquez*, 271 F.3d 93, 98 (3d Cir. 2001) (en banc).

---

[4]The statute under which Shaheed was charged, 21 U.S.C. § 846, provides that the penalty for a drug conspiracy offense is the same as that "prescribed for the offense, the commission of which was the object of the . . . conspiracy." Section 841(b) of title21 prescribes the penalties for distribution, or possession with intent to distribute, controlled substances.

[5]Heroin is a schedule I controlled substance. *See* 21 U.S.C. § 812, sched. I(b)(10).

Because drug amount in this case had the effect of increasing Shaheed's maximum sentencing exposure, it serves as the "functional equivalent" of an element of the offense. *See United States v. Lacy*, – F.3d –, 2006 WL 1194575, at *4 (3d Cir. May 5, 2006) (quoting *Apprendi*, 530 U.S. at 494 n.19). Shaheed is therefore correct that the offense of which he was convicted differs from that with which he was charged. However, this alone does not provide a basis for reversal of his conviction. As we have previously opined, a conviction involving a smaller quantity of drugs than that charged in the indictment is properly upheld as a lesser included offense of the charged offense. *See Vazquez*, 271 F.3d at 105. Thus, Shaheed's conviction of a drug conspiracy involving less than 100 grams of heroin was proper even though his indictment charged the offense of a conspiracy involving more than a kilogram of heroin.

## II.

Shaheed also challenges the legality of his sentence under *United States v. Booker*, 543 U.S. 220 (2005). The final judgment of conviction and sentence in this case was entered on June 17, 2004, seven months before the Supreme Court's *Booker* decision. We will vacate Shaheed's sentence and remand for resentencing in accordance with *United States v. Davis*, 407 F.3d 162, 165 (3d Cir. 2005) (en banc).

## III.

For the reasons set forth above, we will affirm Shaheed's conviction. We will vacate Shaheed's sentence and remand to the District Court for resentencing.