

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-21-2006

# USA v. Jenkins

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3155

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Jenkins" (2006). *2006 Decisions*. Paper 721.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/721

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 05-3155

UNITED STATES OF AMERICA

v.

KENNETH JENKINS
also known as Kenny Frank

Kenneth Jenkins,

Appellant


Appeal from the United States District Court
for District of New Jersey
(Crim. No. 03-cr-00759-1)
District Court: Hon. Freda L. Wolfson

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 11, 2006

Before: SLOVITER, MCKEE, and RENDELL, Circuit Judges

(Opinion filed: July 21, 2006)

McKEE, Circuit Judge

    Kenneth Jenkins appeals from his judgment of sentence challenging certain of the

district court's evidentiary rulings. For the reasons that follow, we will affirm.

**I.**

    Inasmuch as we write primarily for the parties who are familiar with this case, we

need not recite the facts or procedural history of this appeal.  Jenkins first challenges the district court's conclusion his uncharged involvement with drugs and firearms was admissible because it was intrinsic to the charged conspiracy.  He also claims the court erred in ruling that evidence of his uncharged drug involvement before and during the charged conspiracy was admissible.

**A. The Evidence Was intrinsic to The Charged Offenses.**

As we will discuss more fully below, Fed. R. Evid 404(b) governs the admissibility of evidence of uncharged "bad acts."  However, "Rule 404(b) does not extend to evidence of acts which are intrinsic to the charged offense." *United States v. Cross*, 308 F.3d 308, 320 (3d Cir. 2002) (internal quotation marks and citations omitted).  "[A]cts are intrinsic when they directly prove the charged conspiracy." *Id*.  Here, the challenged evidence directly proved that Jenkins was not only part of the charged conspiracy, but a very key player in it. *See* App. at 34, 36 - 37.

We have frequently observed that firearms are tools of the drug trade. *See United States v. Russell* 134 F.3d 171, 183 (3d Cir. 1998) ("firearms are relevant evidence in the prosecution of drug-related offenses, because guns are tools of the drug trade); *United States v. Price*, 13 D.3d 711, 718-719 (3d Cir. 1994) (possession of weapons is 'highly probative of the large scale of narcotics distribution conspiracy and the type of protection the conspirators felt they needed to protect their operation," quoting *United States v. Pungitore*, 910 F.2d 1084, 1152 (3d Cir. 1990)).  Accordingly, the district court properly concluded evidence of Jenkins' possession and distribution of drugs and involvement

2

with firearms was admissible because it was intrinsic to the charged conspiracy.

However, evidence which is relevant and admissible for a proper purpose may still be excluded from trial "if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. "A trial judge, therefore, may exclude logically relevant other crimes evidence if its probative value is substantially outweighed by the risk of undue prejudice." *United States v. Scarfo*, 850 F.2d 1015, 1019 (3d Cir. 1988). Here, the district court heard legal argument on this issue, and concluded "the probative value outweighs [the prejudicial impact]. I will permit it." Appellee's App. at 47. Given this record, that was not an abuse of discretion. Moreover, the court gave an appropriate limiting instruction informing the jury of the proper purpose this evidence had, and cautioning against using it improperly. *See* Appellee's App. at 48. Although the limiting instruction was directed toward concerns raised under Fed. R. Evid. 404(b), it nevertheless minimized the possibility that the jury would use the intrinsically intertwined evidence to form conclusions about Jenkins' criminal propensity.

### B. Rule 404(b).

Jenkins argues since, in his estimation, the evidence of uncharged bad conduct was not intrinsically intertwined with the charged crimes, its admissibility is governed by Rule 404(b). Federal Rule of Evidence 404(b) bars "the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character." *Huddleston v. United States*, 485 U.S. 681, 685 (1988). However, evidence of other crimes may be introduced "for other purposes, such as proof of motive, opportunity, intent, preparation, plan,

knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). In order for evidence of uncharged bad acts to be admissible, the government must first establish that it has a proper purpose, is relevant, and its probative value outweighs its potential for unfair prejudice. *United States v. Cruz*, 326 F.3d 392, 395 (3d Cir. 2003) citing *Huddleston*, 485 U.S. at 691-692; *United States v. Sampson*, 980 F.2d 883, 886 (3d Cir. 1992). We have cautioned that "the proponent [of such evidence] must clearly articulate how that evidence fits into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime charged." *United States v. Morley*, 199 F.3d 129, 133 (3d Cir. 1999); *United States v. Himmelwright*, 42 F.3d 777, 782; *United States v. Jemel*, 26 F.3d 1267, 1272 (3d Cir. 1994); *Sampson*, 980 F.2d at 887. Furthermore, the district court must still give a cautionary charge to the jury that adequately explains the limited scope of any such evidence that is allowed. *See Cruz*, 326 F.3d at 395 (citations omitted). In addition, the court properly determined that the probative value of that evidence outweighed its potentially prejudicial impact under Rule 403 as discussed above.

Here, the government explained at length how the proffered evidence fits into "the chain of logical inferences" relevant to the charged conspiracy. *See* Appellee's App. at 41-42, 45-46. The challenged evidence was relevant to Jenkins' rise to power, and his involvement in the charged conspiracy. As the government argues, the evidence explained how the drug conspiracy grew, and how Jenkins became the leader of the drug operation. Appellee's App. at 46. It is relevant to the defendant's scheme and plan as

well as the design of the charged conspiracy, and the court properly concluded that the evidence survived a Rule 403 balancing test.

## III.

Accordingly, for the reasons set forth above, we will affirm the judgment of sentence.