**Charles J. MELTON, Appellant**

v.

**CITY OF PHILADELPHIA; Michael Murphy, Officer, Badge Number 1531; Dickie Hudecki, Officer, Badge Number 21–43, Individually and as Police Department; Motorola Corp.; Ed Lander, Mr. Owner, Office of the CEO.**

No. 08–3052.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Aug. 24, 2009.

Opinion filed: Aug. 26, 2009.

Charles J. Melton, Philadelphia, PA, pro se.

Kelly S. Diffily, Esq., City of Philadelphia Law Department, Philadelphia, PA, for Appellees.

Before: SLOVITER, AMBRO and GREENBERG, Circuit Judges.

OPINION

PER CURIAM.

Charles J. Melton appeals *pro se* from the judgment of the District Court, entering a jury verdict against him. For the following reasons, we will affirm the judgment.

## I. *Background*

In early 2005, Melton initiated a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Pennsylvania. Melton claimed to have suffered constitutional violations during a March 2003 physical altercation that ultimately led to his arrest and conviction.[1] Specifically, Melton claimed that Officer Michael Murphy used excessive force during the course of Melton's arrest, in violation of the Fourth Amendment. In addition, Melton raised various claims against the City of Philadelphia, Officer Murphy's partner, Officer Scott Hudecki, Motorola Corporation, and Motorola's CEO, Edward Zander.

In 2005, the District Court dismissed Melton's claims against Zander for failure to state a claim upon which relief could be granted. In October 2007, after a lengthy period on the suspense docket, the District Court ordered the case to return to the active docket. Melton then retained pri-

---

1. Apparently, Melton reached out of his car window, caught hold of a woman, and began driving in reverse. Officer Murphy intervened and punched Melton in the face, injuring him. Based upon these events, Melton was convicted of simple assault, reckless endangerment, and possession of an instrument of crime.

vate counsel. Melton voluntarily dismissed his claims against Motorola and the City of Philadelphia, and on April 23, 2008, the District Court dismissed all remaining claims except Melton's Fourth Amendment claim that Defendant Murphy employed excessive force against him.[2]

Shortly before trial, Melton moved for withdrawal of his counsel, arguing that he was receiving ineffective assistance. The District Court denied the request. In July 2008, Melton's Fourth Amendment claim proceeded to a jury trial. Pursuant to the jury's verdict, on July 10, 2008, 2008 WL 2697333, the District Court entered judgment in favor of Officer Murphy and against Melton. Proceeding *pro se*, Melton filed the instant appeal.[3] We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291.

## II. *Analysis*

### A.

Melton first claims ineffective assistance of counsel, arguing that his retained counsel failed to present to the District Court the testimony of certain necessary fact and expert witnesses. Specifically, Melton argues that he wished to present a "civilian witness" who "was going to give contra[dic]tory statement and introduce evidence [contrary to] that of officer Murphy's et al." Melton contends that counsel failed to interview or subpoena this unnamed individual, and complains of a "lack of prosecution." In addition, Melton appended to his brief a set of printed emails, apparently reflecting a dispute with his counsel about whether Melton should be

required to bear the expense of expert witness fees. We presume that, as a result of this dispute, the expert witnesses did not testify on Melton's behalf at trial.

■ Melton's claims of ineffective assistance of counsel do not provide grounds for disturbing the jury's verdict. There is no right to the effective assistance of counsel in a civil case. *Kushner v. Winterthur Swiss Ins. Co.*, 620 F.2d 404, 408 (3d Cir. 1980).

### B.

■ Melton next argues that the District Court "[d]idn't let my witnesses testify, on my behalf to the jury." Liberally construing his pleading, *see Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir.2003), we conclude that Melton has raised a claim that the District Court abused its discretion by wrongfully excluding witnesses from testifying on his behalf. *See Renda v. King*, 347 F.3d 550, 553 (3d Cir.2003) (rulings to admit or exclude evidence are reviewed for an abuse of discretion).

This appears to be the first time Melton has raised such a claim. Generally, only arguments made first to the District Court may be heard on appeal. *See Flick v. Borg–Warner Corp.*, 892 F.2d 285, 288 (3d Cir.1990). Moreover, Melton does not identify which witnesses were improperly excluded, what substantive testimony the witnesses would have provided, or how he suffered any prejudice as a result of their exclusion. Melton has not set forth the District Court ruling he disputes, and no such ruling appears in the record.[4] Appel-

---

**2.** In a footnote, the District Court stated that Melton agreed to dismissal of all but the Fourth Amendment claim. On appeal, Melton does not dispute the dismissal of the other claims.

**3.** Melton filed several post-trial motions in the District Court: for a new trial, to excuse the

filing of a transcript, to proceed *in forma pauperis*, and for the appointment of counsel. On July 24, 2008, the District Court denied the post-trial motions without prejudice.

**4.** The District Court did not issue a written order concerning the exclusion of any proposed witnesses.

lees argue that Melton's failure to provide the transcript prevents meaningful review of his claim. *See* Fed. R.App. P. 10(b); Third Circuit L.A.R. 11.1; *see also* Fed. R.App. P. 3(a)(2) (failure to abide by the appellate rules permits "the court of appeals to act as it considers appropriate," including dismissal). We agree.[5] The vague statements in Melton's briefs are insufficient. We lack any basis to conclude that the District Court abused its discretion.

### C.

■ Next, Melton argues that he was denied a fair trial because the District Court did not permit him to present evidence of prior police department internal affairs investigations concerning Defendant Murphy.

During the trial proceedings, Defendant Murphy filed a motion *in limine*, seeking to exclude such evidence as irrelevant and unduly prejudicial. In a memorandum and order entered on July 10, 2008, the District Court granted the motion pursuant to Federal Rules of Evidence 404(b). The District Court concluded that Melton failed to show that evidence of prior investigations would be relevant for any valid purpose relating to the issue of whether Murphy employed excessive force during Melton's arrest. We review the District Court's evidentiary ruling for abuse of discretion. *United States v. Williams*, 458 F.3d 312, 315 (3d Cir.2006).

For admission under Rule 404(b), the evidence must be relevant and its probative value must outweigh its potential for unfair prejudice. *See United States v. Cruz*, 326 F.3d 392, 395 (3d Cir.2003) (citing *Huddleston v. United States*, 485 U.S. 681, 691–92, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988)). Melton argues only that "I want it to be included not excluded." We perceive no error in the conclusion that evidence of prior misconduct was not relevant to or probative of the issue at trial. Melton offers nothing to persuade us that the decision to exclude the evidence was arbitrary or irrational. We conclude that the District Court did not abuse its discretion in granting the motion *in limine*.

### D.

■ Melton next contends that the District Court improperly admitted hearsay evidence, which Melton would "like ... excluded." Whether evidence is hearsay is a question of law subject to plenary review. *See United States v. Sallins*, 993 F.2d 344, 346 (3d Cir.1993).

Melton has not described the alleged hearsay evidence or the disputed District Court ruling, and, as previously discussed, has failed to provide the transcript as required by Federal Rules of Appellate Procedure 10(b) and Third Circuit Local Appellate Rule 11.1. In addition, Melton's brief gives such cursory treatment to this claim that we cannot discern his "contentions and the reasons for them" as required by Fed. R.App. P. 28(a)(9). *See Nagle v. Alspach*, 8 F.3d 141, 143 (3d Cir.1993); *see also* Fed. R.App. P. 3(a)(2). In sum, Melton has failed to provide any basis for disturbing the jury verdict and the District Court's judgment.

### E.

■ Finally, Melton has submitted a motion seeking to stay his appeal pending a decision in his Pennsylvania state court

---

5. We recognize that Melton's failure to provide a copy of the transcript is in part due to our denial of his request for provision of the transcripts at the government's expense. However, we declined his request because he did not demonstrate that the appeal presents a substantial question. *See* 28 U.S.C. § 753(f). Although we afforded him the opportunity to do so, Melton has not remedied this shortcoming.

post-conviction proceedings. However, the outcome of the post-conviction proceedings is not relevant to the issues Melton has raised on appeal. We therefore deny Melton's stay motion. In addition, Melton has renewed his requests for appointment of counsel and for transcripts. We again deny the requests. Appellees Murphy, Hudecki, and the City of Philadelphia have moved to strike the documents appended to Melton's reply brief, which they describe as a supplemental appendix. The motion to strike is granted.

### III. *Conclusion*

For the foregoing reasons, we will affirm the judgment of the District Court.