**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-1382
_____

UNITED STATES OF AMERICA

v.

BYRON BEDELL,
                              Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4-08-cr-00299-001)
District Judge:  Honorable John E. Jones, III
_____

Submitted Under Third Circuit LAR 34.1(a)
October 24, 2011

Before: SLOVITER, GREENAWAY, JR., *Circuit Judges*
and POLLAK,* *District Judge*

(Opinion Filed:  October 28, 2011)
_____

OPINION
_____

_____

* Hon. Louis H. Pollak, Senior Judge, United States District Court for the Eastern
District of Pennsylvania, sitting by designation.

SLOVITER, *Circuit Judge*.

Byron Bedell was convicted by a jury of assault on a correctional employee in violation of 18 U.S.C. § 111(a)(1) and (b), and resisting and impeding correctional employees in violation of § 111(a)(1). The Court imposed a middle-of-the-range sentence of 106 months imprisonment for the assault on a correctional employee charge and 12 months for resisting and impeding correctional employees, to be served concurrently. Bedell asks this court to vacate his convictions and remand for a new trial. In the alternative, he challenges the reasonableness of his sentence. We will affirm.[1]

Bedell contends that the District Court erred when it denied his motion in limine to exclude evidence regarding his prior disciplinary violations while incarcerated at various correctional institutions. This argument is unavailing. The District Court concluded that evidence of Bedell's prior bad acts could be introduced for several permissible purposes (including motive, intent, and absence of mistake) under Fed. R. Evid. 404(b), and that it was relevant under Rule 402. The District Court also concluded that the evidence was more probative than prejudicial under Rule 403, and that a limiting instruction could minimize any potential for unfair prejudice. The District Court did not abuse its discretion in this regard. *See United States v. Cruz*, 326 F.3d 392, 394-95 (3d Cir. 2003).

Next, Bedell contends that his trial counsel was ineffective. Although we generally defer a claim of ineffective assistance of counsel to collateral attack brought

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

2

pursuant to 28 U.S.C. § 2255, we may address such claims on direct appeal "when the record is sufficient to allow determination of the issue." *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003). Bedell claims that his counsel was ineffective in failing to move for a mistrial or request sanctions after the Government sought to introduce a videotape that was allegedly withheld during discovery. The video depicted Bedell being moved into his cell prior to the incident for which he was being tried and was introduced by the Government to impeach Bedell's testimony that he had never worn a soft hand restraint and that he did not have a mattress in his cell. Because the video did not contain any exculpatory evidence, the Government was not obliged to produce it prior to trial under *Brady v. Maryland*, 373 U.S. 83 (1963). Nevertheless, out of an abundance of caution, the District Court sustained trial counsel's objection to the video on discovery violation grounds and excluded the video from the jury's view during the trial.[2] Bedell has provided no explanation how pre-trial disclosure would have aided in the preparation of his defense and his ineffective assistance claim fails. In other words, he has alleged neither deficient performance on the part of his counsel nor prejudice.

Finally, with respect to Bedell's challenge to the reasonableness of his sentence, we are satisfied that the District Court adequately considered the applicable § 3553(a) factors in sentencing Bedell. *See United States v. Tomko*, 562 F.3d 558, 568 (3d Cir.

---

[2] Bedell's trial counsel has since acknowledged in a sworn affidavit that he mistakenly told the District Court that he did not receive a copy of the video before trial when in fact he had received the video. The affidavit was not part of the District Court record, but it appears at the back of Appellee's brief.

2009) (en banc) (we will affirm sentence "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided"). Based on the foregoing, we will affirm the District Court's judgment of conviction and sentence.