

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-17-2003

# USA v. Cruz

Precedential or Non-Precedential: Precedential

Docket 02-2634

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Cruz" (2003). *2003 Decisions.* Paper 581.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/581

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed April 17, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2634

UNITED STATES OF AMERICA

v.

LUIS WILFREDO CRUZ
a/k/a
WILLIE

Sergio Cruz
(whose true name
is Luis Wilfredo Cruz),

*Appellant*

On Appeal from the United States District Court
for the District of New Jersey
District Judge: Honorable John W. Bissell, Chief Judge
(D.C. Crim. No. 01-00292-2)

Argued February 28, 2003

Before: SCIRICA, GREENBERG, and GIBSON*,
*Circuit Judges*

(Filed: April 17, 2003)

---

* Honorable John R. Gibson, Senior Judge of the United States Court of
Appeals for the Eighth Circuit, sitting by designation.

Henry E. Klingeman (argued)
Klingeman Turano LLC
230 Main Street, 2nd Floor
Madison, NJ 07940

*Attorneys for Appellant*

Christopher J. Christie
United States Attorney
George S. Leone
Chief, Appeals Division
Sabrina G. Comizzoli (argued)
Assistant United States Attorney
970 Broad Street
Newark, NJ 07102-2535

*Attorneys for Appellee*

## OPINION OF THE COURT

GREENBERG, *Circuit Judge*:

This matter comes on before this court on Luis Wilfredo Cruz's ("Cruz") appeal from a judgment of conviction and sentence entered in this criminal case on June 4, 2002. The district court had jurisdiction pursuant to 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291.

The circumstances leading to this appeal are as follows. On April 30, 2001, a grand jury charged Cruz and two co-defendants, Eladio Cruz ("Eladio"), Cruz's father, and Efrain Montalvo ("Montalvo"), in a one-count indictment with conspiracy to distribute and possession with intent to distribute more than 50 grams of cocaine base (crack cocaine) in violation of 21 U.S.C. § 846. The indictment arose from an investigation conducted by the Drug Enforcement Administration ("DEA") involving an undercover DEA agent and a confidential source into a narcotics organization Cruz led in Newark, New Jersey. The confidential source assisted the undercover agent in arranging crack cocaine transactions with Cruz's organization which included an April 4, 2001 transaction in which the undercover agent met with Eladio and Montalvo

and purchased approximately 100 grams of cocaine base and an April 11, 2001 transaction in which the confidential source met with Cruz to negotiate the purchase of approximately 150 grams of cocaine base, which was delivered later that day to the undercover agent by Montalvo as arranged for by Cruz. Shortly before Montalvo delivered the drugs, the confidential source dropped off Cruz for a meeting with his parole officer. Soon after delivering the drugs, Montalvo met with Cruz and delivered the proceeds of the drug deal to him. On April 26, 2001, the DEA arrested Cruz and the two co-defendants. The two co-defendants pleaded guilty in September 2001 but Cruz went to trial and was found guilty.

In a pretrial *in limine* ruling, the district court, after having received written submissions from both parties, determined that the government could offer evidence that Cruz was on parole at the time of the conspiracy alleged, stating:

> [T]he Government may introduce evidence in a general way to establish that, at the time of the instant offense, [Cruz] was on parole. The Court agrees that this evidence would go to [Cruz's] motive or reasons to deal with and through the co-defendants (or others if so established) rather than risk being busted as a parole violator due to more overt conduct. This evidence is admissible under [Fed. R. Evid.] 404(b), and survives [Fed. R. Evid.] 403 scrutiny.

App. at 14.

During the trial the jury heard testimony regarding Cruz's parole status from the undercover agent in that he said that on April 11, 2001, the confidential source had informed him that he "had gone to drop [Cruz] off at probation" prior to meeting the undercover agent in North Newark. App. at 67. The confidential source also testified to the same effect. In addition, parole officer Aretha Hughes, who had supervised Cruz on parole from June 2000 through April 2001, testified. Before Hughes testified, defense counsel requested that the district court revisit its pretrial ruling on the admissibility of evidence of Cruz's parole status. At that time the government stated that it

would offer Hughes's testimony that Cruz was on parole at the time of the April 2001 drug transactions because his parole status gave him an incentive to insulate himself from law enforcement scrutiny by using others, such as the co-defendants Montalvo and Eladio, to engage in hand-to-hand street transactions so that he could reduce the risk of being charged with parole violation. The court accepted the government's argument as it ruled that Hughes's testimony[1] regarding Cruz's parole status had probative value that was not outweighed by the danger of unfair prejudice. Furthermore, the court found that her testimony would not be "unduly cumulative" of prior testimony. Therefore, the court allowed the government to offer Hughes's evidence and use it in its closing argument in support of its theory that Cruz "had a motive to insulate himself from direct contact with such things as customers." App. at 862.

The only issue raised on this appeal is whether the district court erred when, after applying Fed. R. Evid. 403 and 404(b), it admitted into evidence testimony establishing that Cruz was on parole at the time of the charged conspiracy. We make a *de novo* determination of whether evidence falls within the scope of Rule 404(b). *See United States v. Givan*, 320 F.3d 452, 460 (3d Cir. 2003). But if the evidence could be admissible in some circumstances, we review the district court's determination allowing it to be admitted for abuse of discretion. *See United States v. Console*, 13 F.3d 641, 658-59 (3d Cir. 1993). In making these determinations we agree with the district court that evidence of Cruz's parole status should be considered evidence of other crimes for purposes of Rule 404(b). *See United States v. Manarite*, 44 F.3d 1407, 1418 (9th Cir. 1995).

Fed. R. Evid. 404(b) provides in relevant part that: "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action

---

1. Hughes testified that, as a condition of parole, Cruz was prohibited from engaging in any drug activity. She also testified that he reported to her regularly, including on April 11, 2001 - the date of the second alleged transaction. In total, her direct testimony consisted of four pages of an approximately 1,125 page trial transcript.

in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. . . ." We have recognized that Rule 404(b) is a rule of inclusion rather than exclusion. *See United States v. Jemal*, 26 F.3d 1267, 1272 (3d Cir. 1994). We favor the admission of evidence of other crimes, wrongs, or acts if such evidence is "relevant for any purpose other than to show a mere propensity or disposition on the part of the defendant to commit the crime." *United States v. Long*, 574 F.2d 761, 765 (3d Cir. 1978) (quoting *United States v. Stirone*, 262 F.2d 571, 576 (3d Cir. 1958), *rev'd on other grounds*, 361 U.S. 212, 270, 80 S.Ct. 270 (1960)).

In *Huddleston v. United States*, 485 U.S. 681, 108 S.Ct. 1496 (1988), the Supreme Court set out a four-part test for admission of Rule 404(b) evidence: (1) the evidence must have a proper purpose; (2) it must be relevant; (3) its probative value must outweigh its potential for unfair prejudice; and (4) the court must charge the jury to consider the evidence only for the limited purposes for which it is admitted. *Id.* at 691-92, 108 S.Ct. at 1502. *See United States v. Vega*, 285 F.3d 256, 261 (3d Cir. 2002).

To meet the first requirement and show a proper evidentiary purpose, the government must "clearly articulate how that evidence fits into a chain of logical inferences without adverting to a mere propensity to commit crime now based on the commission of crime then." *United States v. Mastrangelo*, 172 F.3d 288, 295 (3d Cir. 1999) (internal quotation marks omitted). Here the government articulated the logical inferences that render Cruz's parole status relevant to establishing Cruz's motive, intent and method of concealing his illegal drug activity in order to avoid the risk of parole revocation. A defendant's parole status has been held to be probative of why a defendant would take extra steps to hide his criminal activity. *See Manarite*, 44 F.3d at 1418-19. Cruz's parole status provided an explanation for why he used the co-defendants to perform the hand-to-hand street transactions. *See United States v. Paredes*, 176 F. Supp. 2d 192, 195 (S.D.N.Y. 2001). The evidence that Cruz was on parole at the time of the conspiracy charged is therefore probative of a material issue other than Cruz's character.

The second Rule 404(b) requirement for admissibility under Fed. R. Evid. 402, *i.e.*, relevance, is met here because, as the district court found, the evidence was offered to show a reason for Cruz's delegation of the hand-to-hand street transactions to others. This evidence was especially relevant given that Cruz's defense at trial was that his physical absence from negotiations and transactions was proof that he had no involvement in the conspiracy. According to the government's theory of the case, Cruz used the co-defendants to perform his transactions because it exposed them rather than him to the risk of law enforcement activity, which was especially important given his parole status. Therefore, Cruz's parole status is relevant to explain his decision to run his business in the manner the government alleged. *See Paredes*, 176 F. Supp. 2d at 195.

The district court also properly found that the evidence met the third requirement of admission under Rule 404(b), passing a Rule 403 balancing test. The district court explicitly weighed the probative value of the evidence against its prejudicial effect and found that its probative value was not outweighed by the danger of undue prejudice. In addition, the district court was very careful in assuring that the possibility of any unfair prejudice was minimized. For example, the jury was never given any hint as to what type of crime Cruz committed that led to his parole status, whether it was a felony, or what length of time, if any, he may have served in prison. The government did not, as Cruz asserts, "get in through the back door" Cruz's prior 1997 drug conviction. Br. of Appellant at 8.

We have emphasized that the "trial judge, not the appellate judge, is in the best position to assess the extent of the prejudice caused a party by a piece of evidence." *Long*, 574 F.2d at 767. We also have stated that "[i]f judicial self-restraint is ever desirable, it is when a Rule 403 analysis of a trial court is reviewed by an appellate tribunal." *Id.* Therefore, we cannot find that the district court abused its discretion under Rule 403 in this case.

Finally, the district court met the fourth requirement for admission of Rule 404(b) evidence by carefully providing the jury with limiting instructions both immediately after

Hughes's testimony[2] and also during the jury charge.[3] The

---

2. Immediately after Hughes's testimony, the district court instructed the jury:

> I'd just like to give you a brief instruction about the testimony that you just heard from the parole officer and how you may or may not consider it in your deliberations.

> The government has introduced evidence that the defendant was on parole at the time of the conspiracy charged in the indictment. The government has offered the evidence to show that the defendant intended to act with and through co-conspirators rather than risk engaging in more overt conduct himself.

> I caution you, that you may only consider this evidence for the limited purpose I just described and not to prove that defendant is a bad person and thus he was predisposed to do bad things, such as participate in the charged conspiracy. Further, you may not discuss, speculate, or consider why the defendant was on parole during your deliberations. In other words, you should consider the evidence that the defendant was on parole only for the specific, limited purpose I have described and in conjunction with my other instructions. To consider this evidence for any other purpose would be improper.

> I will be repeating that instruction also as part of my general instructions but I felt it was appropriate to give it to you now so you perhaps have better awareness right away of the relevance of the testimony you heard.

App. at 881-82.

3. When charging the jury the district court stated:

> The government has introduced evidence that the defendant was on parole at the time of the conspiracy charged in the indictment. The government has offered the evidence to show that the defendant intended to act with and through co-conspirators rather than risk engaging in more overt conduct himself.

> I caution you that you may only consider this evidence for the limited purpose I just described and not to prove that the defendant is a bad person and thus he was predisposed to do bad things, such as participate in the charged conspiracy. Further, you may not discuss, speculate, or consider why the defendant was on parole during the deliberations. In other words, you should consider the evidence that the defendant was on parole only for the specific, limited purpose I have described and in conjunction with my other instructions. To consider this evidence for any other purpose would be improper.

App. at 1086-87.

court twice instructed the jury that it should consider the evidence for the "limited purpose" that Cruz "intended to act" through co-conspirators rather than overtly, app. at 881, 1086, and that the evidence should not be considered as proof that Cruz is a bad person or had a propensity to engage in illegal conduct. Cruz argues that "the jury undoubtedly engaged in its own improper speculation as to the nature of Cruz's prior conviction." Br. of Appellant at 13. This argument is unavailing, however, as we presume that the jury followed the limiting instruction that the district court gave and considered evidence of Cruz's parole status only for the limited purposes offered. *See United States v. Givan*, 320 F.3d at 462.

Overall, we find that the district court did not commit an error of law or abuse its discretion in admitting evidence of Cruz's parole status.

The judgment of conviction and sentence entered June 4, 2002, will be affirmed.

A True Copy:
      Teste:

*Clerk of the United States Court of Appeals*
*for the Third Circuit*