

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-2-2004

# USA v. Geddes

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2802

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Geddes" (2004). *2004 Decisions*. Paper 629.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/629

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-2802
_____

UNITED STATES OF AMERICA

v.

AARON GEDDES,

Appellant

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

District Court Judge: The Honorable Mary L. Cooper
(D.C. No. 02-cr-00705)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 6, 2004

BEFORE: SLOVITER and FUENTES, Circuit Judges,
and POLLAK, District Judge.[*]

(Opinion Filed: June 2, 2004)
_____

OPINION OF THE COURT
_____

---

[*]     Honorable Louis H. Pollak, Senior District Judge for the United States District Court for
the Eastern District of Pennsylvania, sitting by designation.

FUENTES, Circuit Judge:

In June 2002, New Jersey police arrested Appellant Aaron Geddes when they observed him appearing to sell narcotics to an unidentified buyer, who was allowed to leave. During the arrest, Geddes attempted to draw a Glock semi-automatic pistol from his waistband, but the officers subdued Geddes and forcibly confiscated the firearm. Geddes was arraigned on various state charges, as well as a federal charge of felon in possession of a firearm, 18 U.S.C. § 922(g); he was convicted by a jury on the federal charge in April 2003 and sentenced to 110 months imprisonment. Geddes now appeals on three grounds: 1) the government did not provide sufficient evidence that the gun owned by Geddes had traveled in interstate commerce; 2) the District Court erred in refusing to hold discovery on Geddes's claim that he was selectively prosecuted; and 3) the District Court improperly allowed the government to enter into evidence the fact that Geddes was participating in a narcotics transaction before being arrested.

None of these arguments has any merit. First, the government provided sufficient evidence to satisfy § 922(g)'s requirement that Geddes possessed his firearm "in or affecting commerce." At trial, the government presented unrefuted evidence that Geddes's pistol is manufactured only in Austria, and is imported into the U.S. exclusively through a distributor in Georgia. Geddes's gun must have traveled in interstate commerce to reach New Jersey, and the government therefore fulfilled its burden of proof. United States v. Singletary, 268 F.3d 196, 204-05 (3d Cir. 2001); accord United States v. Coward, 296 F.3d 176, 183-84 (3d

Cir. 2002). Second, the District Court properly denied Geddes's request for an evidentiary hearing on his selective prosecution claim because Geddes has not presented any evidence that he was prosecuted more vigorously than similarly situated defendants on the basis of a suspect classification. United States v. Armstrong, 517 U.S. 456, 470 (1996). Finally, Geddes's evidentiary appeal fails because evidence of the drug transaction was necessary to explain to the jury why the police approached Geddes in the first place, and was not admitted to "show a mere propensity or disposition on the part of the defendant to commit the crime." United States v. Cruz, 326 F.3d 392, 395 (3d Cir. 2003) (internal quotations omitted); see also United States v. Butch, 256 F.3d 171, 175-76 (3d Cir. 2001) (evidence is admissible if it is necessary background information rather than an attempt to impugn defendant's character). Accordingly, we affirm the District Court's judgment.