UNITED STATES of America,
Appellee,

v.

Edwin MARQUEZ, Appellant.

No. 04–2263.

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit LAR
34.1(a) Feb. 18, 2005.

Decided Feb. 28, 2005.

George S. Leone, Office of United States Attorney, Newark, NJ, for Appellee.

Harold B. Shapiro, Vineland, NJ, for Appellant.

Before SLOVITER, AMBRO and ALDISERT, Circuit Judges.

OPINION OF THE COURT

ALDISERT, Circuit Judge.

Appellant Edwin Marquez appeals his conviction and sentence for conspiracy to distribute and possession with intent to distribute cocaine and distribution and possession with intent to distribute more than five hundred grams of cocaine. We must decide whether the district court: (1) properly denied Marquez's motion to suppress evidence seized from his vehicle; (2) exceeded the permissible bounds of discretion in admitting into evidence two drug ledgers found on Marquez at the time of his arrest; and (3) committed plain error in determining Marquez's sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291 (2000). We will affirm the district court's admission of the evidence, vacate the sentence and remand for re-sentencing in accordance with *United States v. Booker*, 543 U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

## I.

Because we are write only for the parties, who are familiar with the facts, procedural history and contentions presented, we will not recite them except as necessary to the discussion.

## II.

Marquez was one of ten defendants involved in the Camden, New Jersey drug ring. Although all of his co-defendants pled guilty, Marquez went to trial on a two count indictment for conspiracy to distribute and possession with intent to distribute cocaine and a substantive count of distribution and possession with intent to distribute more than five hundred grams of cocaine.

Alex Mercado was the leader of a drug distribution ring in Camden, New Jersey who found himself short in the supply of cocaine. Through wiretaps, the government learned that Mercado first attempted to go to Florida to obtain a supply and was apprehended in Maryland. They also learned that a new supply was coming from New York.

The authorities observed Marquez driving a Mazda with New York state license plates that arrived at Mercado's residence. After following the Mazda and a white van to various stops, the authorities noted someone throwing a grocery-type bag in the trunk of Marquez's car and slamming it shut. The authorities maintained constant visual surveillance of the two vehicles. Through wiretaps, the authorities also learned that Marquez had spotted the surveillance agents.

The authorities instructed the New Jersey State Police to stop the Mazda on the New Jersey Turnpike. The police officer stopped the Mazda and conducted a license check. The officer asked Marquez for consent to search the car. Marquez initially gave oral consent but rescinded his consent when asked to sign a form. After he withdrew his consent, another officer was called to the scene with a drug-sniffing dog. The dog alerted the officers to the trunk of the Mazda. The officers then searched the car, revealing a kilogram of cocaine. Marquez was placed under arrest and a personal search revealed money and documents in his pockets. Two of the documents were drug ledgers.

## III.

■ First, the district court properly denied Marquez's motion to suppress the kilogram of cocaine found in the Mazda and the papers found in Marquez's wallet at the time of his arrest. At the time of the initial traffic stop, the officers already had ample probable cause to arrest Marquez for his involvement in a drug deal that they had been monitoring through extensive visual and wire tap surveillance. See United States v. Burton, 288 F.3d 91, 98 (3d Cir.2002) (stating that officers have probable cause to arrest if the facts and circumstances within their knowledge objectively indicate that the defendant had committed or was committing an offense).

■ Alternatively, even if the authorities lacked probable cause for the arrest, they conducted a valid stop based on reasonable suspicion. See Terry v. United States, 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) (holding that an officer can stop an individual if the officer has reasonable, articulable suspicion that criminal activity is underfoot). Moreover, a drug sniffing dog brought on the scene alerted the officers to the trunk of Marquez's vehicle. This established probable cause for the search of the vehicle and his subsequent arrest. See Illinois v. Caballes, — U.S. ——, 125 S.Ct. 160 L.Ed.2d 842 (2005).

## IV.

■ Second, we conclude that the district court did not exceed the permissible bounds of discretion in admitting into evidence two drug ledgers found on Marquez at the time of his arrest. We review a district court's admission of evidence pursuant to Rule 404(b) for abuse of discretion. *United States v. Cruz,* 326 F.3d 392, 394 (3d Cir.2003). At the time of the arrest, Marquez had in his possession four pieces of paper. Government Exhibit 6A and 6B were drug ledgers. The district court held that a portion of Government Exhibit 6A was admissible as direct evidence of the crime charged. The dollar amount listed on the paper appeared to document the government's theory that Marquez had delivered three kilograms of cocaine and had returned to New York with one kilogram which had been rejected because it was wet. The court also admitted, pursuant to Rule 404(b) of the Federal Rules of Evidence, the remainder of Exhibit 6A and all of 6B. The court determined that the jury could conclude that these items were drug records and were properly admissible for the sole purpose of disputing Marquez's defense that he was unaware that he was transporting cocaine in his Mazda.

Accordingly, we conclude that the court did not exceed the permissible bounds of discretion in admitting these exhibits.

## V.

Finally, Marquez challenges his sentence under *United States v. Booker,* 543 U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Having determined that the sentencing issues Marquez raises are best determined by the District Court in the first instance, we will vacate the sentence and remand for re-sentencing in accordance with *Booker.*

\*       \*       \*       \*       \*       \*

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary.

We will affirm the judgment of conviction, vacate the sentence and remand for re-sentencing in accordance with *Booker.*