NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 11-1242
_____

UNITED STATES OF AMERICA

v.

LYNELL PIGFORD,
                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-09-cr-00184-001)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit LAR 34.1(a)
October 24, 2011

Before: SLOVITER, GREENAWAY, JR., *Circuit Judges*
and POLLAK,[*] *District Judge*

(Filed  November 16, 2011)
_____

OPINION
_____

_____

[*] Hon. Louis H. Pollak, Senior Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

SLOVITER, *Circuit Judge*.

Lynell Pigford was convicted by a jury of manufacturing counterfeit United States currency in violation of 18 U.S.C. § 471 and was sentenced to 34-months imprisonment. Pigford appeals, contending that the District Court abused its discretion when it denied Pigford's motion in limine to exclude evidence that Pigford was convicted for a separate drug offense based on drugs found simultaneously with the counterfeit currency and related testimony that Pigford planned to purchase drugs with the counterfeit currency.[1]

Federal Rule of Evidence 404(b) prohibits admission of evidence of prior crimes, wrongs, or acts in order "to prove the character of a person in order to show action in conformity therewith." However, such evidence may be admitted for another evidentiary purpose, such as proof of motive, if it is also relevant under Rule 402, its probative value exceeds its prejudice under Rule 403, and a limiting instruction is provided upon request. *United States v. Cruz*, 326 F.3d 392, 395 (3d Cir. 2003).

The defendant does not dispute that the evidence in question was admissible for a proper purpose—namely, to prove that Pigford's motive for counterfeiting money was to purchase drugs—and that the evidence was relevant. Instead, the defendant contends that

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291. We review a district court's ruling to admit or exclude evidence for abuse of discretion. *United States v. Green*, 617 F.3d 233, 239 (3d Cir. 2010).

2

the district court erred in its balancing of the probative value of the evidence against its potential for unfair prejudice. The Government argues that the evidence was highly probative to Pigford's motive and that, in addition to motive, the evidence was needed to refute Pigford's contention that he could not be responsible for the counterfeit money because the money was detected in the stream of commerce after Pigford was incarcerated; under the Government's theory, Pigford initially used the counterfeit to purchase drugs and, after his arrest, the counterfeit was passed by the drug dealer to various retail establishments.

We need not address whether the district court abused its discretion in balancing the additional probative value of this evidence against the obvious prejudice of informing the jury that Pigford was dealing in drugs. Any possible error in admitting the evidence in question was indisputably harmless. *See United States v. Lee*, 612 F.3d 170, 189 (3d Cir. 2010) (test for harmless error in admission of evidence is whether "it is highly probable that evidentiary error did not contribute to conviction"). The other evidence at trial showed that a photocopier and counterfeit bills were found in Pigford's bedroom; that Pigford had purchased the photocopier; that Pigford's fingerprints were on the counterfeit bills; and that Pigford had told both his roommate and girlfriend that he was counterfeiting currency. The evidence of guilt was overwhelming.

For the foregoing reasons, we will affirm the judgment of conviction.

3