**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4538
_____

UNITED STATES OF AMERICA

v.

DAVID CUNNINGHAM,
                              Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 2-07-cr-00298-001)
District Judge: Honorable Cathy Bissoon
_____

Submitted Under Third Circuit LAR 34.1(a)
January 26, 2016
_____

Before: JORDAN, VANASKIE, and SHWARTZ, <u>Circuit Judges</u>.

(Filed: February 10, 2016)

_____

OPINION[*]
_____

SHWARTZ, <u>Circuit Judge</u>.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Appellant David Cunningham was twice convicted of receipt, possession, and distribution of child pornography. His original conviction was vacated because of evidentiary errors. See United States v. Cunningham, 694 F.3d 372 (3d Cir. 2012) (Cunningham I). On remand, the case was assigned to a different District Judge. A second jury found Cunningham guilty on all counts, and the District Court sentenced Cunningham to 240 months' imprisonment.[1] Cunningham appeals, challenging the District Court's denial of his motion to preclude evidence of a prior conviction for indecent exposure to a minor under the age of sixteen and its imposition of a higher sentence than he originally received. For the reasons set forth below, we will affirm.

I

In 2007, law enforcement learned that a computer located in Cunningham's residence downloaded and shared files that bore indicia of child pornography. Cunningham I, 694 F.3d at 376. Law enforcement obtained a warrant to search the Pennsylvania residence Cunningham shared with his siblings, Sarah and Harold Cunningham.[2] Id. at 375-76. Only Sarah and Harold were home when the agents executed the warrant; Sarah directed the agents to Cunningham's bedroom because he had the only "working computer" in the residence. App. 276. A search of the bedroom

---

[1] The District Court granted the Government's motion to vacate and dismiss Count Two (possession) in light of United States v. Miller, 527 F.3d 54, 72 (3d Cir. 2008) (convictions for receipt and possession of child pornography punish the same offense, in violation of the Double Jeopardy Clause).

[2] As did the Court in Cunningham I, for simplicity, we will refer to Cunningham's relatives by their first names.

2

produced the computer, mail and paperwork addressed to Cunningham, Marlboro

cigarettes, and a thumb drive that contained photographs of Cunningham with snakes.[3]

During the search, Cunningham returned to the residence, admitted to installing a

file sharing program on his computer, and to using search terms like "kiddy" and "child,"

to find and download child pornography files through that program. App. 194. When an

investigator showed Cunningham the names of files found on his computer, Cunningham

acknowledged that the files were from his shared drive, and he estimated that twenty to

thirty percent of the videos on his computer contained child pornography. Subsequent

forensic analysis revealed, among other things, that fifty-seven complete or partially

downloaded videos contained child pornography, and showed a history of search terms

that referenced child pornography. Forensic analysis also revealed that the Yahoo email

account, "Reptilewild2005@yahoo.com," App. 246, was accessed from the computer

around the same time that child pornography videos were downloaded. Law enforcement

officers testified that Cunningham told them "Reptilewild2005@yahoo.com" was his

email address, and Sarah testified that Cunningham had an interest in reptiles and used an

email address that referenced them.

Law enforcement obtained an arrest warrant and an officer told Cunningham that

they needed to meet. Cunningham was not at home when officers arrived, and they

"spent several hours trying to locate" him. App. 64. They eventually found Cunningham

hiding in or near a tree near an abandoned house.

---

[3] Cunningham was the only member of his residence who smoked, and Sarah
testified that Marlboro was Cunningham's brand of choice.

Cunningham was charged in a three-count indictment with receipt, possession, and distribution of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) (receipt and distribution), (a)(4)(B) (possession). Cunningham I, 694 F.3d at 375, 382. Following a jury trial, Cunningham was convicted and sentenced to 210 months' imprisonment and twenty years' supervised release. Cunningham appealed his conviction. This Court vacated his conviction and remanded for a new trial, holding that the District Court: (1) abused its discretion in refusing to view video excerpts of the child pornography Cunningham had downloaded before ruling on their admissibility, and (2) erred under Fed. R. Evid. 403 by admitting two of the clips because their "highly inflammatory nature . . . clearly and substantially outweighed their probative value pertaining to the crimes charged." Id. at 375.

On remand, the case was assigned to Judge Cathy Bissoon. As he had before the first trial, Cunningham filed a motion to exclude evidence of his prior state court conviction for indecent exposure involving a young child, in violation of 18 Pa. Cons. Stat. § 3127(a) (1967), pursuant to Fed. R. Evid. 403 and 404.[4] Cunningham argued that his prior conviction could not be offered for any of Rule 404(b)'s non-propensity purposes, and that even if it could, its probative value was substantially outweighed by the danger of unfair prejudice. The Government offered several non-propensity purposes, including identity, motive, intent, and absence of mistake or accident, to rebut Cunningham's theory that another member of his household had accessed his computer

---

[4] Cunningham also moved to exclude the evidence under Fed R. Evid. 609. Because Cunningham did not testify at trial, the conviction was not offered to impeach him, and we need not address his Rule 609 argument.

4

and downloaded child pornography. The District Court denied Cunningham's motion and overruled his objection at trial when the Government introduced the conviction.

The Government presented the evidence described above at both trials. Like the first jury, the second jury convicted Cunningham on all counts.[5] At the sentencing hearing, the District Court found that Cunningham's total offense level was 35 and his criminal history category was III, resulting in a Guidelines range of 210 to 262 months. Cunningham argued, among other things, that under North Carolina v. Pearce, 395 U.S. 711 (1969), the District Court should impose a sentence no greater than the 210-month term originally imposed.[6] The District Court rejected Cunningham's argument on the ground that it would make an "individualized" sentencing determination, App. 541, and, even if Cunningham received a higher sentence, the rebuttable presumption of judicial vindictiveness when a defendant receives a higher sentence upon resentencing does not apply here, because "different sentencing judges [would] assess the varying sentences in question." App. 573.

The District Court examined the factors set forth in 18 U.S.C. § 3553(a), and imposed a sentence of 240 months' imprisonment on each of Counts I and III, to be served concurrently.[7] The District Court explained that Cunningham's activity was dangerous and caused "devastating harm" to the victims of child pornography, and that

---

[5] As discussed supra note 1, the District Court granted the Government's motion to vacate and dismiss Count Two (possession).

[6] Cunningham also objected to the Pre-Sentence Report's ("PSR") two-level enhancement under U.S.S.G. § 2G2.2(b)(6) for use of a computer. The District Court sustained this objection. This ruling was not appealed.

[7] The statutory maximum for each count of conviction was 240 months. 18 U.S.C. § 2252(b)(1).

the goals of "just punishment, public protection and deterrence, and rehabilitation" were served by the sentence. App. 571. The District Court also observed that Cunningham did more than view images online; he had previously "act[ed] on his deviant impulse," and showed a "disturbing pattern," by engaging in the conduct of conviction while on probation for indecent exposure involving a four-year-old victim, and after participating in court-ordered sex offender treatment. App. 571-72. Finally, the District Court explained that Cunningham showed no remorse or acceptance of responsibility when he denied having a sexual interest in children or child pornography. App. 572 ("Having now been twice convicted of crimes involving inappropriate sexual interest in children, it suffices to say that Mr. Cunningham's actions speak louder than words."). The District Court acknowledged that some judges have accepted policy arguments about the Guidelines' treatment of child pornography offenses and granted downward variances accordingly, but stated that 240 months most appropriately balanced the § 3553(a) factors in Cunningham's case.

Cunningham appeals: (1) the denial of his motion to exclude his prior conviction for misdemeanor indecent exposure, and (2) the denial of his request that his sentence be no greater than the sentence imposed after his first trial.

II[8]

---

[8] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). "We review a district court's decision to admit or exclude evidence for abuse of discretion," Marra v. Phila. Hous. Auth., 497 F.3d 286, 297 (3d Cir. 2007), but we exercise "plenary review 'of whether evidence falls within the scope of Rule 404(b).'" United States v. Green, 617 F.3d 233, 239 (3d Cir. 2010) (quoting United States v. Cruz, 326 F.3d 392, 394 (3d Cir.

6

## A

We first address whether Cunningham's prior conviction was properly admitted under Fed. R. Evid. 404(b). Rule 404(b) provides: "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence may be admissible for a proper purpose "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). We need not decide whether the District Court erred in admitting Cunningham's indecent exposure conviction, however, because even if the District Court erred, any such error was harmless given the strength of the case against Cunningham.

An error is harmless if it is "highly probable that [any] error did not contribute to the judgment." United States v. Berrios, 676 F.3d 118, 131 (3d Cir. 2012) (internal quotation marks omitted); Cunningham I, 694 F.3d at 392 (internal quotation marks omitted) ("This high probability requires that the court possess a sure conviction that the error did not prejudice the defendant."). Here, the overwhelming evidence of Cunningham's guilt makes us sure that any error did not prejudice him.

Three law enforcement officers testified that Cunningham admitted to owning the computer on which the child pornography files were found, to using search terms related to child pornography on the internet, and to downloading and viewing such files. In

---

2003)). We also review sentencing determinations for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Tomko, 562 F.3d 558, 570 (3d Cir. 2009) (en banc).

addition, forensic evidence linked Cunningham's "Reptilewild2005@yahoo.com" email address and internet usage with the searches and downloads of child pornography. For example, a detailed breakdown of the activity on the computer indicated that, on one occasion, a computer user accessed Cunningham's email account shortly before one of the videos containing child pornography was downloaded. The Government also presented evidence, in addition to Cunningham's own statements, that he controlled the room where the computer was found and kept personal possessions there. Specifically, a law enforcement witness testified that, near the computer, there were workmen's compensation documents and "court documents with [Cunningham's] name and address that w[ere] dated in close proximity to the date" of the execution of the search warrant. App. 185. The officer found no paperwork in the room that would indicated that anyone else stayed or lived in that room. Also next to the computer was a thumb drive containing "many pictures" of Cunningham holding snakes, which both tied him to the computer (given the drive's proximity to it) and the email address (given the contents of the photographs). App. 189. Cunningham's sister testified that he lived in that room and was the only one who used the computer. Finally, when law enforcement arranged to meet with him after the seizure of his computer, Cunningham fled and hid for hours in a tree near a vacant home, indicative of his consciousness of guilt. In sum, the Government presented evidence that "was so overwhelming that any improper inferences the jury might have drawn from the [conviction] were marginal, at most."[9] Berrios, 676 F.3d at 131.

_____

[9] As to the admission of Cunningham's prior conviction, we note that the

Based on this evidence, we have a "sure conviction" that even without the evidence of Cunningham's prior conviction, the jury would have concluded beyond a reasonable doubt that Cunningham was the member of the household who received, possessed, and distributed child pornography. See United States v. Vosburgh, 602 F.3d 512, 539-40 (3d Cir. 2010) (any error in admitting record about child pornography victim's date of birth was harmless because there was no question that the naked females depicted in the images shown at trial were minors). Thus, we will affirm the District Court's order denying Cunningham's motion to exclude his prior conviction.

B

We now address Cunningham's claim that the imposition of a sentence higher than the one imposed after his first trial was presumptively vindictive and thereby violated due process. "Due process of law . . . requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." North Carolina v. Pearce, 395 U.S. 711, 725 (1969). Under Pearce and its progeny, a rebuttable presumption of vindictiveness may apply when a defendant receives a more severe sentence after having exercised his due process rights to

Government made no reference to the conviction in either its opening statement or closing argument—the conviction was admitted through one law enforcement witness with no reference to the factual allegations that formed the basis of that conviction. In addition, the witness made no reference to the fact that the alleged victim in that case was four years old; he testified only that the nature of the crime of conviction "indicate[d that] the child victim was under the age of 16." App. 308. Immediately after that testimony, the District Court provided a limiting instruction to the jury, admonishing them to consider the evidence only for a proper purpose and not "as proof [that Cunningham] has a bad character or any propensity to commit crimes." App. 309. This limiting instruction was also given at the end of the trial. We generally presume "that juries follow the instructions they are given." Adamson v. Cathel, 633 F.3d 248, 257 (3d Cir. 2011).

appeal, see United States v. Goodwin, 457 U.S. 368, 374 (1982), but it "do[es] not apply in every case where a convicted defendant receives a higher sentence on retrial." Texas v. McCullough, 475 U.S. 134, 138 (1986).

For example, the presumption "does not apply where the second sentence is imposed by a different sentencer and the record provides affirmative assurance that the harsher sentence reflects simply a fresh look at the facts and an independent exercise of discretion." Rock v. Zimmerman, 959 F.2d 1237, 1257 (3d Cir. 1992) (en banc), abrogated on other grounds by Brecht v. Abrahamson, 507 U.S. 619 (1993); see also United States v. Moskovits, 86 F.3d 1303, 1310 (3d Cir. 1996) (rejecting claim of appellant who argued actual, not presumptive vindictiveness, in part because the second sentencing judge "had no contact whatsoever with [appellant's] initial trial and set out, on the record, plausible reasons for the harsher sentence he imposed"). Accordingly, "where a judge who imposes the second sentence has no material contact with the initial trial or sentence and provides an on-the-record, wholly logical, non-vindictive reason for the harsher sentence, it is not necessary for him or her to invoke facts not available at the time of the first sentence." Rock, 959 F.2d at 1257-58 (internal quotation marks omitted). In such a case, an appellant must provide "proof of actual vindictiveness" by the second sentencing judge to support a claim of judicial vindictiveness. Id. at 1258. Absent such proof, an appellant's claim fails. See Alabama v. Smith, 490 U.S. 794, 799-800 (1989).

Here, the Pearce presumption does not apply. Following remand, Cunningham's case was reassigned to Judge Bissoon and there is no evidence, nor does Cunningham

10

allege, that she was involved with the first trial or sentencing. Moreover, Judge Bissoon explained that she would exercise independent judgment about the sentence based on her view of the facts. Further, Judge Bissoon provided ample justification for her sentencing decision, including the need for just punishment, public protection, deterrence, and her view that Cunningham lacked remorse and did not accept responsibility. This "record provides affirmative assurance that the harsher sentence reflects simply a fresh look at the facts and an independent exercise of discretion." Rock, 959 F.2d at 1257.[10] That the parties presented substantially the same evidence at both trials does not limit the new judge's independent exercise of sentencing authority to impose a greater sentence than that imposed at the first sentencing.[11] For these reasons, Cunningham has not shown that the Pearce presumption applies, nor has he or could he argue that Judge Bissoon was "actual[ly] vindictive[ ]." Id. at 1258.

Indeed, the sentence Judge Bissoon imposed was procedurally and substantively reasonable. Judge Bissoon calculated the advisory sentencing Guidelines, considered the § 3553(a) factors, selected a sentence based on the facts before the District Court, and

---

[10] Cunningham also suggests that the District Court failed to "affirmatively" explain the reasons for imposing the 240-month sentence, Appellant's Br. 17-18, which we understand to refer to the absence of a specific explanation why the second judge concluded her sentence was more appropriate than the first sentence imposed. This challenge fails. A second sentencer need not expressly compare her sentencing decision to a prior decision so long as the second sentencer provides reasons for the sentence imposed.

[11] Cunningham focuses on the fact that no new evidence was adduced at the second trial, and argues that "the appearance of vindictiveness by the court remains" because "a colleague from the same court presided over the second trial." Appellant's Br. 16-19 (emphasis omitted). The Pearce line of cases does not address the appearance of vindictiveness by the court writ large, and we discern no such vindictiveness here.

11

explained the chosen sentence. United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). In this regard, Judge Bissoon explained the dangerous and harmful nature of Cunningham's offenses and that the goals of "just punishment, public protection and deterrence, and rehabilitation" were served by the sentence, particularly in light of Cunningham's previous conviction for indecent exposure involving a four-year-old victim. App. 571. Judge Bissoon also noted that Cunningham engaged in the conduct charged in this case while on probation for the previous conviction, after participating in court-ordered sex offender treatment, and that he showed a lack of remorse and did not accept responsibility for his actions. Thus, the record shows a "rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." United States v. Grier, 475 F.3d 556, 571 (3d Cir. 2007) (en banc).

The sentence was also substantively reasonable. The sentence imposed is not one we can say that "no reasonable sentencing court would have imposed . . . on that particular defendant for the reasons the district court provided." Tomko, 562 F.3d at 568. Although Judge Bissoon imposed a higher sentence than the prior judge, the sentence was supported by the record and her comprehensive reasons.

Because the Pearce presumption does not apply, Cunningham does not argue actual vindictiveness, and the 240-month sentence imposed was procedurally and substantively reasonable, we will affirm his sentence.

### III

For the foregoing reasons, we will affirm the District Court's order denying Cunningham's motion to preclude a prior conviction and its judgment of sentence.

12