NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-3165

_____

UNITED STATES OF AMERICA

v.

JAMAR LYNN MCMILLAN,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-15-cr-00305-001)
District Judge: Honorable Christopher C. Conner

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 3, 2020

Before: RESTREPO, PORTER and FISHER, *Circuit Judges*.

(Opinion Filed: March 12, 2021)

_____

OPINION[*]

_____

FISHER, *Circuit Judge*.

Appellant Jamar McMillan was convicted of possession with intent to distribute

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

heroin, phencyclidine (PCP), and synthetic marijuana, as well as possession of a firearm in furtherance of drug trafficking and being a felon in possession of a firearm.[1] We affirmed his conviction and sentence.[2] A few weeks later, the Supreme Court decided *Rehaif v. United States*, holding that in a prosecution under § 922(g), which prohibits felons from possessing firearms, the Government must prove that the defendant "knew he had the relevant status when he possessed" the gun.[3] Here, the Government never charged that McMillan knew of his status as a felon. Nor was the jury instructed on that element of the offense. McMillan, accordingly, petitioned for a writ of certiorari to the Supreme Court, which vacated our judgment and remanded for reconsideration in light of *Rehaif*.[4] We now conclude, on plain error review, that the *Rehaif* error in this case did not affect McMillan's substantial rights. Therefore, we will affirm.[5]

"Where there were no legal grounds for challenging an instruction at the time it was given, but such grounds have arisen, due to the articulation of a new rule of law between the time of conviction and the time of appeal, we review for plain error."[6] When McMillan was tried and his appeal first heard, the law of this Circuit was that a felon in

---

[1] 21 U.S.C. § 841(a)(1) and (b)(1)(C); 18 U.S.C. § 924(c)(1)(A); and 18 U.S.C. § 922(g).

[2] *United States v. McMillan*, 774 F. App'x 768 (3d Cir. 2019).

[3] 139 S. Ct. 2191, 2194 (2019).

[4] 140 S. Ct. 1259 (2020).

[5] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

[6] *United States v. Andrews*, 681 F.3d 509, 517 (3d Cir. 2012).

possession conviction required no proof that the defendant knew he was a felon.[7] *Rehaif*, however, overturned that interpretation and articulated a new rule requiring the Government to prove "that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it."[8] Therefore, we review for plain error.[9]

Under plain error review, we may correct an error "only if the appellant demonstrates that: (1) there was an error; (2) the error is clear or obvious; and (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings."[10] It is the appellant's burden to show that the error impacted his substantial rights.[11] "If all three conditions are met," we "may then exercise [our] discretion to notice a forfeited error, but only if . . . the error seriously affect[s] the fairness, integrity, or public reputation of the judicial proceedings."[12]

---

[7] *See United States v. Dodd*, 225 F.3d 340, 344 (3d Cir. 2000) ("The requirement that the government must show that the defendant 'knowingly possessed a firearm' means only that the government must prove the defendant's awareness that he possessed the firearm . . . .").

[8] 139 S. Ct. at 2194.

[9] The Government argues that McMillan waived his *Rehaif* challenge because he failed to include it in his opening brief. But, *Rehaif* was not decided until after his opening brief was filed, so we conclude that "exceptional circumstances" warrant hearing the argument. *United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005).

[10] *Andrews*, 681 F.3d at 517 (internal quotation marks and citation omitted).

[11] *Id.* (citing *United States v. Olano*, 507 U.S. 725, 734 (1993)).

[12] *Id.* (quoting *Johnson v. United States*, 520 U.S. 461, 467 (1997)).

Under this standard, McMillan cannot prevail. While there was clear *Rehaif* error when McMillan was convicted without a charge in the indictment or instruction to the jury that he knew of his status as a felon,[13] that error did not impact his substantial rights. At trial, the jury heard evidence that McMillan had twice pleaded guilty to felony drug offenses in Pennsylvania state court. Certified copies of the relevant court records were admitted into evidence, and these records showed that McMillan was sentenced, on each occasion, to more than a year in prison. From this evidence, the jury could reasonably infer that McMillan, having been sentenced to more than a year in prison after each guilty plea, indeed "knew he was a 'person . . . who has been convicted . . . of . . . a crime punishable by imprisonment for a term exceeding one year.'"[14] This case is not like *Nasir*, where "[t]he assertion that [the defendant] knew he was a felon [was] founded entirely on information that his jury never saw or heard."[15] Here, the Government marshaled documentary and testimonial evidence sufficient to establish that McMillan knew of his status. We are confident that with this evidence in the record, the jury would have voted to convict had it been instructed on the knowledge-of-status element.

McMillan questions the strength of this evidence. He claims it does not reflect real proof of his actual knowledge. However, a defendant's "knowledge can be inferred from

---

[13] *See United States v. Nasir*, 982 F.3d 144, 161 (3d Cir. 2020) (en banc) ("[I]n light of *Rehaif*'s applicability in this case, [the defendant] has satisfied the first two steps of *Olano*.").

[14] *Id.* at 160 (quoting 18 U.S.C. § 922(g)(1)).

[15] *Id.* at 161-62.

circumstantial evidence."[16] Here, it is appropriate to infer that McMillan, having voluntarily admitted to felony offenses punishable by over a year in prison and having indeed been sentenced to terms in excess of a year, knew he was someone "who has been convicted in any court of . . . a crime punishable by imprisonment for a term exceeding one year."[17] In fact, this case resembles one we cited approvingly in *Nasir* as an example of a "case[] where sufficient evidence was presented at trial to show that the defendant was aware of his status."[18] There, as here, the Government offered in evidence a certified copy of a court record showing the defendant "was convicted of a felony in state court."[19] There, as here, the defendant's knowledge of status could be inferred.

McMillan also argues that the evidence of his prior felonies was admitted to prove his intent to deliver a controlled substance under Federal Rule of Evidence 404(b), and not for the purpose of proving knowledge of status. He fails, however, to cite any authority or point to any limiting instruction by the District Court that would have

---

[16] *Rehaif*, 139 S. Ct. at 2198 (quoting *Staples v. United States*, 511 U.S. 600, 615 n.11 (1994)).

[17] 18 U.S.C. § 922(g)(1).

[18] *Nasir*, 982 F.3d at 170 n.29 (citing *United States v. Velázquez-Aponte*, 940 F.3d 785, 800 (1st Cir. 2019)).

[19] *Id.* (quoting *Velázquez-Aponte*, 940 F.3d at 800).

restricted the way in which this evidence could be considered.[20] Accordingly, the jury

was free to consider this evidence as any other relevant evidence, including for the

purpose of assessing McMillan's knowledge of status.

In sum, McMillan fails to meet his "burden of demonstrating that the [*Rehaif*]

error was not harmless, i.e., that there is 'a reasonable probability that the error affected

the outcome of the trial.'"[21]

For the foregoing reasons, we will affirm.

---

[20] Rule 404(b) certainly does not provide a source for such a limitation. *See United States v. Cruz*, 326 F.3d 392, 395 (3d Cir. 2003) ("Rule 404(b) is a rule of inclusion rather than exclusion," so "[w]e favor the admission of evidence of other crimes, wrongs, or acts if such evidence is 'relevant for any purpose other than to show a mere propensity or disposition on the part of the defendant to commit the crime.'" (quoting *United States v. Long*, 574 F.2d 761, 765 (3d Cir. 1978))).

[21] *Andrews*, 681 F.3d at 521 (quoting *Olano*, 507 U.S. at 734).