**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1643
_____

UNITED STATES OF AMERICA

v.

ANTHONY DOUGLAS ELONIS,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-21-cr-00281-001)
District Judge: Honorable Edward G. Smith
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on May 2, 2024

Before: KRAUSE, CHUNG, and AMBRO, *Circuit Judges*

(Filed: May 15, 2024)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

KRAUSE, *Circuit Judge*.

Anthony Elonis appeals his 2022 conviction for three counts of cyberstalking in violation of 18 U.S.C. § 2261A(2)(B). Finding none of his arguments persuasive, we will affirm.

## I.    BACKGROUND

In 2011, after Elonis made a series of social media posts threatening to kill his ex-wife, harm law-enforcement agents, and commit a school shooting, a jury convicted him of transmitting "communications containing . . . threat[s] to injure the person of another" in violation of 18 U.S.C. § 875(c). *See United States v. Elonis*, 841 F.3d 589, 592–95 (3d Cir. 2016). The District Court sentenced Elonis to 44 months' imprisonment followed by three years of supervised release, and Elonis served his prison term.[1] But the threats were just getting started. Shortly before his sentence ended, Elonis sent two letters to the prosecutor in his 2011 case: one indicating that he would burn a cross on the prosecutor's lawn, and the other referencing the Sandy Hook massacre and including his projected release date with a smiley face. Following these letters, Elonis sent the prosecutor emails containing sexually explicit and gruesome images, violent language, and references to Sandy Hook, Hitler, and Charles Manson. Elonis also made a number of threatening

---

[1] Elonis appealed his conviction to this Court, and we rejected his argument that § 875(c) requires a subjective intent to threaten. *United States v. Elonis*, 730 F.3d 321, 327–32 (3d Cir. 2013), *rev'd*, 575 U.S. 723 (2015). The Supreme Court reversed, finding subjective intent necessary, *Elonis*, 575 U.S. at 740, 742, and on remand we concluded that Elonis would have been convicted even under a subjective-intent standard, *Elonis*, 841 F.3d at 598. We thus found any error harmless and upheld Elonis's conviction. *Id.* at 601.

Twitter posts directed toward the prosecutor.[2]  Many of Elonis's emails and posts contained references to his 2011 conviction.

The prosecutor was not Elonis's only target.  Elonis also sent crude messages to his ex-wife—the same ex-wife he had previously threatened to kill—and a recent ex-girlfriend.  These messages, which Elonis sent over text and posted on Twitter, again referenced Sandy Hook, violence, and his prior conviction.  In 2021, a grand jury charged Elonis with one count of cyberstalking for each victim.  *See* 18 U.S.C. § 2261A(2)(B) (criminalizing the use, with the "intent to kill, injure, harass, [or] intimidate," of "any interactive computer service . . . or any other facility of interstate or foreign commerce to engage in a course of conduct that . . . causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to a person").

At trial, over repeated objections from Elonis, the District Court allowed the Government to introduce evidence of (1) Elonis's 2011 conviction, (2) the communications giving rise to that conviction, and (3) protection-from-abuse orders obtained by Elonis's ex-wife and ex-girlfriend.  The jury found Elonis guilty on all three counts, and the District Court declined to set aside the verdict.  Elonis now brings this timely appeal.

---

[2] The prosecutor, as well as Elonis's other victims, read or otherwise viewed Elonis's Twitter posts.

## II. DISCUSSION[3]

On appeal, Elonis contends that (1) the evidence was insufficient to support the jury's verdict, (2) the District Court improperly admitted past-acts evidence under Federal Rules of Evidence 403 and 404(b), and (3) the District Court erroneously denied his motion for a new trial. No contention withstands scrutiny.

### A. Sufficiency of the Evidence

Elonis first argues that the Government failed to prove, beyond a reasonable doubt, that (1) he intended to harass or intimidate his victims, and (2) his victims suffered substantial emotional distress. *See United States v. Gonzalez*, 905 F.3d 165, 180 (3d Cir. 2018). The Government, however, met its burden on both elements.

As to the first, although Elonis describes his communications as "jocular," "mere annoyances," "nothing more than hyperbole," and "harmless expressions of a frustrated individual," Opening Br. 28–29, 34, the record belies that description. Elonis's messages were repetitive, disturbing, and often threatened violence, and there is ample evidence

---

[3] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a challenge to sufficiency of the evidence, *United States v. Lacerda*, 958 F.3d 196, 225 (3d Cir. 2020), and although we traditionally accord "substantial deference to the jury's finding of guilt," *id.*, that deference is tempered where, as here, the First Amendment is implicated, *In re Kendall*, 712 F.3d 814, 828 (3d Cir. 2013). We thus "make an independent examination of the whole record in order to [ensure] that the judgment does not constitute a forbidden intrusion on the field of free expression." *Id.* (quotation marks omitted). "We review the district court's evidentiary rulings principally on an abuse of discretion standard," although we exercise plenary review "to the extent [those rulings] are based on a legal interpretation of the Federal Rules of Evidence." *United States v. Green*, 617 F.3d 233, 239 (3d Cir. 2010) (quotation marks omitted). "[W]hether evidence falls within the scope of Rule 404(b)" is a question of law. *Id.* (quotation marks omitted).

from which a rational juror could conclude that Elonis aimed to "put [his] victim[s] in fear of death or bodily injury" or "distress [his] victim[s] by threatening, intimidating, or the like." *United States v. Yung*, 37 F.4th 70, 80 (3d Cir. 2022).[4]

As to the second, the record makes clear that Elonis's communications gave rise to substantial emotional distress. At trial, the victims testified that Elonis's messages left them feeling "threatened," "panicked," "afraid," and "terrified." *See, e.g.*, App. 733, 936, 1039. And the victims described the safety measures they took, in response to the messages, to protect themselves from Elonis.[5] Again, there is ample evidence from which a rational juror could conclude that Elonis "cause[d] . . . substantial emotional distress" to all three victims. 18 U.S.C. § 2261A(2)(B).

Because there was sufficient evidence to convict Elonis for his threats, and because an independent examination of the record reveals no "forbidden intrusion on the field of free expression," *In re Kendall*, 712 F.3d 814, 828 (3d Cir. 2013) (quotation marks omitted), Elonis's first challenge fails.

### B.    Past-Acts Evidence

Elonis next "challenges the district court's admission of three categories of evidence: (1) his prior federal conviction; (2) the two protection-from-abuse orders; and

---

[4] These narrow definitions of "intimidate" and "harass," respectively, balance First Amendment concerns with the fact that true threats are not protected speech. *See Yung*, 37 F.4th at 75, 77–81. The jury received instructions consistent with these definitions, and Elonis does not challenge *Yung* on appeal.

[5] These descriptions refute Elonis's assertion that, "according to the testimony of all three [victims], they took no action or steps that would have addressed their alleged fears post-haste." Opening Br. 32.

(3) language from his [prior] threats that he incorporated in his communications to the three victims in this case." Answering Br. 60.  We perceive no error, however.  And even if the District Court did err, any improper admission in this case was harmless.

### 1.    Admission

Elonis challenges the District Court's evidentiary rulings on procedural and substantive grounds.

Procedurally, Elonis contends that the District Court erred when it failed to conduct a detailed, on-the-record substantive analysis for each piece of disputed evidence at trial.  But our precedent requires no such analysis: As long as we are able to confirm that the District Court conducted some inquiry under the applicable rule or rules, the relevant procedural requirements are met.  *United States v. Finley*, 726 F.3d 483, 491 (3d Cir. 2013); *cf. Virgin Islands v. Pinney*, 967 F.2d 912, 918 (3d Cir. 1992) (finding error when the trial court provided no explanation for its Rule 403 decision); *United States v. Sampson*, 980 F.2d 883, 889 (3d Cir. 1992) (same).  Here, although the District Court did not always undertake contemporaneous Rule 403 and Rule 404(b) inquiries, it is clear that the Court engaged in extensive Rule 403 and Rule 404(b) analysis.  The Court held a "lengthy pretrial hearing" during which, with the benefit of "extensive briefing" from the parties, it "weighed the competing arguments, made the required findings," and entertained objections.  Answering Br. 55 n.12, 59.  And based on that hearing, the Court issued a blanket admissibility ruling for the three categories of evidence Elonis now

6

flags.[6] That the Court later declined to explain the denial of certain (renewed) objections does not negate its earlier ruling, and the record allows us to review both the Court's legal conclusions and its exercise of discretion. The Court, therefore, made no procedural error.

Substantively, Elonis contends that the Court erred when it chose to admit the disputed evidence. That evidence, in Elonis's view, was propensity evidence barred by Rule 404(b)(1), or else evidence for which the "probative value [was] substantially outweighed by a danger of . . . unfair prejudice" under Rule 403. We disagree. Because the disputed evidence "directly prove[d] the charged offense[s]," the Court properly characterized it as intrinsic and outside the scope of Rule 404(b).[7] *See United States v. Green*, 617 F.3d 233, 248–49 (3d Cir. 2010) (quotation marks omitted). And none of the Court's Rule 403 decisions were "arbitrary, fanciful, or clearly unreasonable," *id.* at 239 (quotation marks omitted), especially in light of the limiting instructions given to the jury at trial. Elonis's second challenge thus fails as well.

---

[6] The Court made its ruling without prejudice to future objection, and it adjusted some of its initial decisions (with reasoned analysis) as the trial progressed.

[7] Even if the District Court erred in its characterization, it did not abuse its discretion in admitting the disputed evidence. *See United States v. Cruz*, 326 F.3d 392, 394 (3d Cir. 2003). Assuming the evidence was extrinsic, it was relevant to motive, intent, and/or context under Rule 404(b). *See* Fed. R. Evid. 404(b)(2); *Green*, 617 F.3d at 247; *United States v. Caldwell*, 760 F.3d 267, 277–78 (3d Cir. 2014). The Court also offered limiting instructions and, as noted below, did not rule arbitrarily in relation to Rule 403. *See Caldwell*, 760 F.3d at 277–78.

### 2. Harmlessness

Even if Elonis's substantive or procedural arguments had merit, they would not change our overall conclusion. That is because "[e]videntiary errors are subject to harmless error analysis," *Hurley v. Atl. City Police Dep't*, 174 F.3d 95, 121 (3d Cir. 1999), and here "there is a high probability that [any] . . . error did not contribute to the verdict," *United States v. Boyd*, 999 F.3d 171, 183 (3d Cir. 2021) (quotation marks omitted). Additional sanitizing or exclusion would still have left "clear and overwhelming evidence of [Elonis's] guilt," in other words, and a jury could have convicted Elonis even without the disputed past-acts evidence.[8] *Id.*

### C. Motion for a New Trial

Elonis's final argument is that, "based on [a] combination of trial errors," he is entitled to a new trial under Federal Rule of Criminal Procedure 33(a). Opening Br. 54–55. But we have said that Rule 33 motions "are to be granted sparingly and only in exceptional cases," *Virgin Islands v. Derricks,* 810 F.2d 50, 55 (3d Cir. 1987), and this is far from an exceptional case. If anything, this is a routine case where the District Court appropriately ruled on evidentiary issues and reasonably exercised its discretion. Thus, Elonis's third argument also fails.

---

[8] Interestingly, Elonis himself seems to acknowledge this point. In his reply brief, he writes that "the Government's unobjected to, non-propensity related . . . evidence standing alone, arguendo, could have been more than sufficient to support the Government's theory" of motive and intent with respect to all three victims. Reply Br. 12–15. Although Elonis makes this argument in the context of Rule 403, and he later writes that "the Government's case [could] barely . . . survive a dismissal motion" without the past-acts evidence, *id.* at 20–21, the argument itself gestures toward a finding of harmlessness.

**III.     CONCLUSION**

For the foregoing reasons, we will affirm the judgment of the District Court.