NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3220
_____

UNITED STATES OF AMERICA

v.

JEROME LAMONT DUGGAN,
a/k/a Rome,
                              Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5:17-cr-00523-001)
District Judge: Hon. Joseph F. Leeson, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
November 12, 2021

Before: HARDIMAN, MATEY, and SCIRICA, *Circuit Judges*.

(Filed: December 2, 2021)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Jerome Lamont Duggan appeals his judgment of conviction and sentence after a jury found him guilty of drug trafficking. We will affirm.

I[1]

Duggan raises two arguments on appeal. He claims the District Court: (1) abused its discretion when it admitted evidence under Federal Rule of Evidence 404(b); and (2) committed procedural error relative to his sentence. We consider each argument in turn.

A

We begin with Duggan's evidentiary challenge. He contends the District Court erred when it admitted evidence related to his 2008 conviction for drug distribution. Duggan argues the evidence was inadmissible under Federal Rule of Evidence 404(b)(1), which precludes evidence of other crimes to show that a defendant has a propensity to commit criminal acts. *See* Fed. R. Evid. 404(b)(1). But such evidence may be admissible under Rule 404(b)(2), to prove, *inter alia*, intent, knowledge, absence of mistake, or lack of accident. *See* Fed. R. Evid. 404(b)(2).

The Government filed a motion *in limine*, arguing the evidence was admissible to prove Duggan's knowledge and intent to commit the offenses at issue in this appeal. To satisfy Rule 404(b)(2), the Government must first establish a proper evidentiary purpose

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

2

under Rule 404(b)(3) and establish relevancy under Rule 402. *United States v. Brown*, 765 F.3d 278, 291 (3d Cir. 2014) (citing *United States v. Caldwell*, 760 F.3d 267, 274 (3d Cir. 2014)). The District Court granted the Government's motion, explaining: "The evidence that [the defendant] had been convicted of distribution of cocaine makes [his] knowledge of the presence of the heroin more probable than it would have been without the evidence as it indicates that [the defendant] had knowledge of drugs and drug distribution, and thus that it was less likely that he was simply in the wrong place at the wrong time." App. 18 (quoting *United States v. Givan*, 320 F.3d 452, 461 (3d Cir. 2003) (alteration in original)).

To comply with Rule 404(b), the District Court also had to weigh the probative value of the evidence against its prejudicial effect under Rule 403 and give a limiting instruction as Duggan requested. *Brown*, 765 F.3d at 291 (citing *Caldwell*, 760 F.3d at 274); Fed. R. Evid. 403. The Court conducted a Rule 403 balancing test and ruled the probative value of Duggan's statements and purchases substantially outweighed their danger of unfair prejudice. Yet the Court limited the evidence as follows: of 15 controlled drug purchases in 2007, the Court permitted evidence of only one per type of drug—methamphetamine, cocaine, and marijuana—to demonstrate knowledge and intent to sell the same drugs. The Court allowed evidence of items seized and admissions of ownership Duggan made to law enforcement in 2007 because they tended to show knowledge and intent regarding the different drugs and paraphernalia involved in the current prosecution. The Court also concluded that the probative value of Duggan's statements and purchases was not substantially outweighed by their danger of unfair prejudice. Finally, the Court

prudently excluded evidence and statements from the 2007 arrest—ranging from stolen handguns and a flak jacket to the duration of Duggan's earlier drug trafficking—where the probative value was substantially outweighed by the danger of unfair prejudice.

The District Court's handling of the 404(b) evidence was sound. The probative value of Duggan's previous drug trafficking is obvious and consistent with our precedent. *See, e.g.*, *Givan*, 320 F.3d at 460–61 (3d Cir. 2003) (six-year-old drug distribution conviction was admissible to show knowledge and intent of defendant who was found in a car with heroin hidden under his seat). The Court issued effective limiting instructions, making clear the evidence of the prior investigation and conviction could be used only to show Duggan's knowledge and intent to control the drugs seized in 2016. So the Court did not abuse its discretion in admitting evidence of Duggan's prior conviction for drug distribution and the associated investigation under Federal Rule of Evidence 404(b)(2). *See United States v. Cruz*, 326 F.3d 392, 394 (3d Cir. 2003).

B

We next consider Dugan's challenge to his 324-month criminal sentence. Though he made no objection to the Presentence Investigation Report (PSR) or the sentencing proceeding, Duggan now claims the District Court committed procedural error when it based his sentence, in part, on a disparity analysis with a co-conspirator. Duggan's argument fails to persuade because it is inconsistent with the sentencing statute and our caselaw.

The jury found Duggan guilty on all five counts of the superseding indictment following a four-day trial. The PSR, which the District Court adopted at sentencing,

4

calculated a Guidelines range of 262 to 327 months' imprisonment. The District Court sentenced Duggan to a within-Guidelines sentence of 324 months' imprisonment on Counts One through Four and 60 months' imprisonment on Count Five, to be served concurrently.

We "presume the substantive reasonableness" of a "within-Guidelines sentence." *United States v. Freeman*, 763 F.3d 322, 340 (3d Cir. 2014). Duggan argues the District Court committed procedural error when it based his sentence, in part, on a disparity analysis with a co-conspirator (Culbreath). That argument conflicts with 18 U.S.C. § 3553(a)(6), which directs courts to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. The remainder of Duggan's challenge to his sentence is couched as procedural error, but his disagreements with the District Court's factfinding and evaluation of the evidence are actually substantive disagreements with the judgment calls made at sentencing.

In sum, the District Court made no procedural misstep, and its evaluation of the § 3553(a) factors justified Duggan's top-of-the-Guidelines sentence. We perceive no error by the District Court, much less plain error. *See, e.g.*, *United States v. Couch*, 291 F.3d 251, 252–53 (3d Cir. 2002).

\* \* \*

For the reasons stated, we will affirm the District Court's judgment of conviction and sentence.